[No. A131133. First Dist., Div. Four. Apr. 16, 2012.]

LISA JOHNSON, Plaintiff and Appellant, v.
ALAMEDA COUNTY MEDICAL CENTER et al., Defendants and
Respondents.

## COUNSEL

Douglas Fladseth for Plaintiff and Appellant.

Boornazian, Jensen & Garthe, Gregory J. Rockwell, Jill P. Sazama and Katelyn M. Knight for Defendants and Respondents.

## OPINION

SEPULVEDA, J.*—A woman involuntarily committed to a county mental institution was assaulted by a fellow patient and sued the institution and several of its employees for negligence. Defendants claimed governmental immunity under a statute providing that a public entity is not liable for injuries caused by, or suffered by, a patient of a mental institution. (Gov. Code, § 854.8, subd. (a).) The trial court found that plaintiff's injury claim was barred by statutory immunity and granted defendants summary judgment. Plaintiff claims that triable issues of fact exist precluding summary judgment or, at the least, plaintiff should have been allowed to conduct additional discovery to gather facts establishing exceptions to governmental immunity. We reject the claims and affirm the judgment.

## I.  FACTS

Alameda County Medical Center (Medical Center) is a public entity. The Medical Center operates John George Psychiatric Pavilion (JGPP), a county psychiatric hospital. In June 2005, plaintiff Lisa Johnson and Cedrick Frowner were separately admitted as JGPP patients on involuntary holds for emergency psychiatric evaluation and treatment. (Welf. & Inst. Code, § 5150.) Both plaintiff and Frowner were held in the psychiatric emergency services unit.

---

*Retired Associate Justice of the Court of Appeal, First Appellate District, Division Four, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Plaintiff claims that, on June 17, 2005, Frowner sexually assaulted her while she and Frowner were in the care, custody, and control of JGPP. Plaintiff alleges that she awoke from sedation to find Frowner standing at her bedside and trying to force his penis into her mouth. Plaintiff claims that Frowner was able to gain access to her room because the lock on the door to her room had a faulty latching mechanism.

Within a week of the patient assault, the State Department of Health Services (Department) conducted an investigation of the incident and later issued a statement of deficiencies and plan of correction. The Department's report confirmed that the door's locking mechanism was faulty.[1] The Medical Center, in its responsive plan of correction, explained that "[t]he lock on the handle worked, however the alignment was off, such that the door did not latch when closed. The handle could not be turned, but the door could be pulled opened without turning the locked handle."

A general statute entitles psychiatric patients "to be free from harm" and neglect, and state regulations require that hospitals be "in good repair at all times" and maintained "for the safety and well-being of patients, personnel and visitors." (Welf. & Inst. Code, § 5325.1, subd. (c); Cal. Code Regs., tit. 22, § 70837, subd. (a).) However, no statute or regulation of the State Department of Health Services, Social Services, Developmental Services, or Mental Health requires locks on patient rooms in county psychiatric hospitals such as JGPP. Regulations provide that the locking of patient rooms in psychiatric detention facilities is permitted but not required. (Cal. Code Regs., tit. 22, § 71611, subd. (e).) On the motion for summary judgment, a psychiatrist declared that "[m]any psychiatric hospitals and mental health facilities require that, in most instances, the doors to patient rooms remain *unlocked*." (Italics added.) This statement was not contradicted by plaintiff's expert, a psychiatric nurse, whose declaration referred only to the general statutes and regulations noted above concerning a patient's right to be free from harm.

## II. TRIAL COURT PROCEEDINGS

Plaintiff filed this lawsuit against the Medical Center in September 2005 alleging general negligence and negligent hiring, training, and retention of employees. Plaintiff propounded written discovery in December 2005 and

---

[1] The trial court, upon objection, excluded the report as hearsay. (Evid. Code, § 1200.) Plaintiff challenges that ruling on appeal. We conclude that the report is an official record and statements about the condition of the door lock based upon the observation of a public employee and a party admission on the same subject are admissible, and therefore properly considered on appeal. (Evid. Code, § 1280; *Rupf v. Yan* (2000) 85 Cal.App.4th 411, 430, fn. 6 [102 Cal.Rptr.2d 157].) The remainder of the report, based upon interviews and other extraneous material, is inadmissible and disregarded on appeal.

again in May 2007, a couple of months before the close of discovery. In June 2007, before responses were served on the later discovery requests, plaintiff amended her complaint to add a cause of action against the Medical Center and several of its employees for violation of her civil rights. (42 U.S.C. § 1983.) The employees named were physicians and nurses designated by the Medical Center in the statement of deficiencies and plan of correction as persons responsible for implementing corrective action following the assault.

Defendants removed the action to federal court. Discovery reopened in federal court. The parties were given until February 2009 to complete fact discovery and until May 2009 to complete expert discovery. Plaintiff did not propound discovery or take depositions while the case was in federal court. In May 2009, after the close of all discovery, defendants moved for summary judgment in federal court. In August 2009, the court granted summary judgment on the civil rights claim and remanded the remaining negligence cause of action back to the state court.

In August 2010, a year after the case was returned to the state court and just three months before the scheduled November 2010 trial, plaintiff moved for relief to reopen discovery in state court. Plaintiff argued that she needed discovery to determine the identity of the Medical Center employee responsible for the malfunctioning locking mechanism. Defendants opposed the motion, and argued that plaintiff failed to show diligence in pursuing discovery. The trial court denied the motion upon finding that plaintiff "has not demonstrated good cause for the relief requested, and has not shown excusable neglect."

Defendants moved for summary judgment and the parties submitted evidence summarized in the statement of facts above. (Code Civ. Proc., § 437c.) Defendants also submitted undisputed evidence that the individual physicians and nurses named as defendants in the lawsuit were not present at the time of the assault, never provided direct care to plaintiff or her assailant, and had no knowledge of any problem with the latching mechanism on the door to plaintiff's room prior to the assault. The individual defendants undertook responsibility for implementing corrective action following the assault, but no evidence implicated them in the events leading up to the assault.

On their motion for summary judgment, defendants argued that the Medical Center was immune from liability pursuant to Government Code section 854.8, which provides generally that "a public entity is not liable for: [¶] (1) [a]n injury proximately caused by a patient of a mental institution [or] [¶] (2) [a]n injury to an inpatient of a mental institution." (*Id.*, subd. (a).) The statute does not exonerate "a public employee from liability for injury proximately caused by his negligent or wrongful act or omission," but defendants argued that the

undisputed evidence showed no injury-producing conduct on the part of the individual defendants. (Gov. Code, § 854.8, subd. (d).)

Plaintiff opposed the motion on the merits and submitted the declaration of a psychiatric nurse opining that Medical Center employees should have taken greater safety precautions, including regular inspection of the door locks. Alternatively, plaintiff asked for a continuance to obtain necessary discovery. (Code Civ. Proc., § 437c, subd. (h).) Plaintiff stated: "Since one or more agents or employees of [the Medical Center] must be responsible for the lack of design and fit and maintenance and checking of the door which never latched or locked appropriately pursuant to the [Department] report, Plaintiff merely seeks leave to discover the identity of such responsible persons."

The court granted defendants' summary judgment motion in October 2010. The court found that "the undisputed evidence shows that Defendant [Medical Center] is immune from liability for Plaintiff's claims pursuant to California Government Code section 854.8" and that "[t]he undisputed evidence shows that no conduct on the part" of the individual defendants "caused any of Plaintiff's injuries." The court entered judgment in defendants' favor in November 2010. Plaintiff's motion for new trial was denied in January 2011 and plaintiff timely appealed in February 2011.

## III. DISCUSSION

### A. *Summary judgment standard*

A motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) In considering a request for summary judgment by a defendant, the statute instructs that such a party "has met his or her burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established, or that there is a complete defense to that cause of action. Once the defendant . . . has met that burden, the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto." (Code Civ. Proc., § 437c, subd. (p)(2).) An appellate court reviews de novo a trial court's decision to grant a summary judgment motion. (*Panagotacos v. Bank of America* (1998) 60 Cal.App.4th 851, 855 [70 Cal.Rptr.2d 595].)

### B. *Defendants were entitled to summary judgment*

Government Code section 854.8 generally provides that "a public entity is not liable . . ." for "[a]n injury proximately caused by a patient of a

mental institution" or "[a]n injury to an inpatient of a mental institution." (*Id.*, subd. (a).) There are limitations to this governmental immunity. Government Code section 854.8 does not exonerate "a public employee from liability for injury proximately caused by his negligent or wrongful act or omission." (Gov. Code, § 854.8, subd. (d).) Also, Government Code section 855, subdivision (a) creates an exception to public entity immunity for injuries "proximately caused by the failure of the public entity to provide adequate or sufficient equipment, personnel or facilities required by any statute or any regulation of the State Department of Health Services, Social Services, Developmental Services, or Mental Health prescribing minimum standards for equipment, personnel or facilities, unless the public entity establishes that it exercised reasonable diligence to comply with the applicable statute or regulation."

█ On their motion for summary judgment, defendants established their immunity from liability. General immunity under Government Code section 854.8 was triggered by the undisputed facts that defendant Medical Center is a public entity and that plaintiff was injured by a patient of a mental institution while she herself was an inpatient of that institution. Defendants also demonstrated that no evidence supported invocation of an exception to immunity. Defendants presented evidence that plaintiff's injuries were not caused by any "negligent or wrongful act or omission" by the named individual defendants plaintiff held responsible for her injury. The individual defendants submitted unrefuted declarations establishing that they were not present at the time of the assault, never provided direct care to plaintiff or her assailant, and had no knowledge of any problem with the latching mechanism on the door to plaintiff's room prior to the assault. Plaintiff now argues that there may have been some other, unnamed public employee who was negligent, but bare argument and speculation are insufficient to defeat a motion for summary judgment where, as here, defendants have made a prima facie showing of a defense.

Defendants also presented prima facie evidence that plaintiff was not injured by a failure of the Medical Center to provide adequate or sufficient equipment, personnel, or facilities required by statutes or regulations of the agencies overseeing mental institutions, which failure would have negated immunity. (Gov. Code, § 855, subd. (a).) There was evidence that plaintiff was injured after a patient gained entry into her room because a misaligned door latch prevented the door lock from working properly, and the malfunctioning lock arguably was an inadequacy in the equipment or facilities within the meaning of the statute. But defendants presented evidence that no statute or regulation of the State Department of Health Services, Social Services, Developmental Services, or Mental Health requires locks on patient rooms in county psychiatric hospitals such as JGPP, where plaintiff was injured.

■ Regulations provide that the locking of patient rooms in psychiatric detention facilities is permitted but not required. (Cal. Code Regs., tit. 22, § 71611, subd. (e).) On the motion for summary judgment, a psychiatrist declared on defendants' behalf that "[m]any psychiatric hospitals and mental health facilities require that, in most instances, the doors to patient rooms remain *unlocked.*" (Italics added.) This statement was not contradicted by plaintiff's expert, a psychiatric nurse. In the nurse's declaration submitted in opposition to the summary judgment motion, the nurse referred only to general statutes that entitle psychiatric patients "to be free from harm" and neglect, and state regulations requiring that hospitals be "in good repair at all times" and maintained "for the safety and well-being of patients, personnel and visitors." (Welf. & Inst. Code, § 5325.1, subd. (c); Cal. Code Regs., tit. 22, § 70837, subd. (a).)

■ In a case affirming summary judgment for a public mental institution raising similar issues as here, the court concluded that such broadly worded general provisions do not defeat immunity and that statutes or regulations must set forth *specific* minimums to trigger liability under Government Code section 855. (*Lockhart v. County of Los Angeles* (2007) 155 Cal.App.4th 289, 307–309 [66 Cal.Rptr.3d 62] (*Lockhart*).) "[T]he plain language of Government Code section 855 clearly states that not all statutory or regulatory violations will provide a basis for liability, only those that prescribe minimum standards." (*Id.* at p. 309.) The court concluded that "a regulation requiring 'sufficient nursing staff . . . to meet the needs of the patients' sets forth only a general goal within which a public medical facility may exercise its discretion, not a specific minimum standard giving clear notice of the minimum amount of nursing personnel the facility must supply. It sets forth the general policy goal for staffing the psychiatric unit, but does not specifically direct the manner in which that goal is to be attained. This is not the type of regulation 'prescribing minimum standards for equipment, personnel or facilities,' the breach of which can give rise to liability under Government Code section 855," the court held. (*Id.* at p. 308.) Clearly, no specific minimum standards are established by the broad provisions invoked here by plaintiff entitling psychiatric patients "to be free from harm" and neglect, and requiring hospitals be "in good repair at all times" and maintained "for the safety and well-being of patients, personnel and visitors." (Welf. & Inst. Code, § 5325.1, subd. (c); Cal. Code Regs., tit. 22, § 70837, subd. (a).)

Plaintiff argues that *Lockhart* is wrong to require specific statutory and regulatory minimum standards for the imposition of liability. In opposition to *Lockhart*, plaintiff offers *Baber v. Napa State Hospital* (1989) 209 Cal.App.3d 213, 215–221 [257 Cal.Rptr. 55] (*Baber*), which reversed a judgment of nonsuit granted following the opening statement in a patient's personal injury action against a public mental institution. In *Baber*, the First District Court of Appeal, Division Five rejected the defendants' claim that provisions requiring

appropriate physical resources and a sufficient number of appropriate personnel were "insufficiently 'quantifiable' or objective to support liability under [Government Code] section 855." (*Id.* at p. 220.) The court stated: "Whether the hospital failed to comply with the minimum standards or exercised reasonable diligence to do so are questions of fact, which cannot be resolved by the instant motion for nonsuit. Appellant has indicated he is prepared to prove the hospital was inadequately staffed and equipped during the period in question, and in violation of minimum standards mandated by the Department of Health Services. He should be given the opportunity to do so. For instance, there may be correspondence, directives, inspection reports or other official memoranda indicating more specifically what was required of the hospital during the relevant time period. There may also be industry standards which were understood to apply." (*Id.* at pp. 220–221.)

■ *Baber* does not aid plaintiff. *Baber* held that the minimum standards referenced in Government Code section 855 may be established by collateral evidence, outside the terms of a statute or State Department of Health Services regulation, which stands in contrast to *Lockhart*, which requires the language of the statute or regulation itself to prescribe a specific minimum standard. (*Lockhart, supra,* 155 Cal.App.4th at p. 309; *Baber, supra,* 209 Cal.App.3d at pp. 220–221.) But both *Lockhart* and *Baber* require that the plaintiff ultimately carry the burden of proving a violation of mandated minimum standards. (*Lockhart, supra,* at p. 309; *Baber, supra,* at pp. 220–221.) As *Baber* plainly states: "if the ultimate proof fails to demonstrate that the standards were sufficiently specific to reasonably put [defendant mental institution] on notice of noncompliance, [plaintiff] will not have met his burden." (*Baber,* at p. 221.) In *Baber,* the plaintiff was nonsuited after his opening statement, denying him the opportunity to present evidence (such as correspondence or directives) specifying required levels of resources and staffing stated only generally in statutes and regulations.

The situation is quite different here, where plaintiff was given an opportunity to present evidence in opposition to defendants' summary judgment motion. On their motion for summary judgment, defendants presented evidence of a specific regulation providing that the locking of patient rooms in psychiatric detention facilities is permitted but not required. (Cal. Code Regs., tit. 22, § 71611, subd. (e).) In response, defendants relied upon broad provisions entitling psychiatric patients to be free from harm and requiring hospitals to be maintained for the safety and well-being of patients. Plaintiff did not submit any evidence—direct or collateral—that defendant Medical Center violated mandates concerning locked doors or other specific security measures. Defendants met their burden on summary judgment of showing immunity, and plaintiff failed to show a triable issue of material fact on that defense.

### C. *Further discovery was properly denied*

Plaintiff argues that she was unable to counter defendants' showing on summary judgment because discovery "was unreasonably foreclosed" by the trial court's denial of plaintiff's motion to reopen general discovery and by the court's later denial of her request for a continuance to allow discovery directed to gathering facts essential to opposing summary judgment.

■ Defendants argue that the first challenge to the court's order denying plaintiff's motion to reopen discovery is outside the scope of the notice of appeal. In her notice of appeal, plaintiff states that she "hereby appeals" the order denying a new trial and "the granting of summary judgment and dismissal." Defendants argue that plaintiff's failure to list the discovery order in her notice of appeal forecloses appeal of that order. On this point, defendants are mistaken. An order granting summary judgment is not appealable—it is the later judgment that is appealable. (*Avila v. Standard Oil Co.* (1985) 167 Cal.App.3d 441, 445 [213 Cal.Rptr. 314].) Plaintiff's notice of appeal was filed after entry of judgment and, liberally construed, was an appeal of the judgment. ■ Intermediate rulings, like the discovery order challenged here, are reviewable on an appeal of the final judgment. (Code Civ. Proc., § 906.)

Our review of the order, however, concludes that the trial court did not abuse its discretion in denying plaintiff's motion to reopen discovery. Plaintiff had years to conduct discovery and failed to act diligently. She filed this lawsuit in September 2005 and had almost two years to propound written discovery and to take depositions in the superior court in advance of the original August 2007 trial date. In the superior court, the only discovery completed was interrogatories. Plaintiff's opportunity for discovery was extended to February 2009 after the case was removed to federal court in June 2007. Plaintiff did not propound discovery or take depositions while the case was in federal court. Plaintiff's lack of diligence continued after the case was returned to the superior court. She did not move to reopen discovery until a year after the case was returned to the state court and just three months before the scheduled November 2010 trial. The trial court did not abuse its discretion in denying the motion to reopen discovery because plaintiff had not "demonstrated good cause for the relief requested."

We also find that the trial court acted properly in denying plaintiff's request for a continuance to conduct discovery for opposing the summary judgment motion. (Code Civ. Proc., § 437c, subd. (h).) Code of Civil Procedure section 437c, subdivision (h) provides, in relevant part: "If it appears from the affidavits submitted in opposition to a motion for summary judgment . . . that facts essential to justify opposition may exist but cannot, for reasons stated,

then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make any other order as may be just."

■ "When a party makes a good faith showing by affidavit demonstrating that a continuance is necessary to obtain essential facts to oppose a motion for summary judgment, the trial court must grant the continuance request. [Citation.] 'Continuance of a summary judgment hearing is not mandatory, however, when no affidavit is submitted or when the submitted affidavit fails to make the necessary showing under [Code of Civil Procedure] section 437c, subdivision (h). [Citations.] Thus, in the absence of an affidavit that requires a continuance under section 437c, subdivision (h), we review the trial court's denial of appellant's request for a continuance for abuse of discretion.' " (*Park v. First American Title Co.* (2011) 201 Cal.App.4th 1418, 1427 [136 Cal.Rptr.3d 684].)

■ Plaintiff's attorney submitted a declaration attesting to the need for further discovery but the declaration failed to make the showing necessary under the statute. An opposing party's declaration in support of a motion to continue the summary judgment hearing should show the following: (1) "*Facts* establishing *a likelihood that controverting evidence may exist* and *why* the information sought is *essential* to opposing the motion"; (2) "The *specific reasons* why such evidence cannot be presented at the present time"; (3) "An estimate of the *time* necessary to obtain such evidence"; and (4) "The specific steps or procedures the opposing party intends to utilize to obtain such evidence." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2011) ¶ 10:207.15, p. 10-83 (rev. # 1, 2011).)

■ The declaration here does not meet any of these standards. Plaintiff's attorney simply asserted that "discovery is reasonably necessary to determine who, if not the presently named individuals, is responsible" for the negligent failure to design, fit, maintain, and inspect the door latch. The assertion is insufficient to support a continuance. "Code of Civil Procedure section 437c, subdivision (h) requires more than a simple recital that 'facts essential to justify opposition may exist.' " (*Lerma v. County of Orange* (2004) 120 Cal.App.4th 709, 715 [15 Cal.Rptr.3d 609].) "The statute cannot be employed as a device to get an automatic continuance by every unprepared party who simply files a declaration stating that unspecified essential facts may exist. The party seeking the continuance must justify the need, by detailing both the particular essential facts that may exist and the specific reasons why they cannot then be presented." (*Id.* at pp. 715–716.) Plaintiff here failed to detail the facts she expected to discover and the specific procedures she intended to use to obtain that evidence. Plaintiff therefore was not entitled to a mandatory continuance under Code of Civil Procedure section 437c, subdivision (h).

The trial court was, nevertheless, free to grant a continuance under its broad discretionary power. (*Lerma v. County of Orange, supra,* 120 Cal.App.4th at p. 716.) The trial court here did not abuse its discretion in concluding that plaintiff had not established good cause for a continuance. Good cause has been found where an attorney's "dire medical condition" or other special circumstances prevented the completion of discovery. (*Ibid.*) No special circumstances are presented here. Plaintiff simply failed to conduct any meaningful discovery during the more than three years that elapsed between the initiation of suit and the close of discovery. Given this lack of diligence in conducting discovery, the court reasonably denied plaintiff's request for a continuance to conduct further, unspecified discovery.

## IV.   DISPOSITION

The judgment is affirmed.

Ruvolo, P. J., and Reardon, J., concurred.