Filed 1/14/14 (unmodified version attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KAUSHIK DATTANI et al.,<br><br>　　　Plaintiffs and Appellants,<br><br>v.<br><br>GEEN HONE LEE,<br><br>　　　Defendant and Respondent. | A138582<br><br>(San Francisco County<br>Super. Ct. No. CGC-11-509290)<br><br>**ORDER MODIFYING OPINION**<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed December 19, 2013, be modified as follows:

In the paragraph on page 6 immediately before the disposition, the following language is added after the sentence that reads "At some point a defendant is entitled to finality."

　　　This case is different from those where the merits have been resolved by an order granting a motion for summary judgment or sustaining a demurrer without leave to amend. In those situations, the defendant has acted to bring the case to a close and is properly required to take the additional step of obtaining a judgment or order of dismissal from which an appeal can be taken. (See *Johnson v. Alameda County Medical Center* (2012) 205 Cal.App.4th 521, 531; *Vitkievicz v. Valverde* (2012) 202 Cal.App.4th 1306, 1310, fn. 2.) The defendant should not have that burden when the plaintiff has chosen to end the case.

There is no change in the judgment.


Dated: _____　　　_____
　　　　　　　　　　　　　　　　　　McGuiness, P.J.

1

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| KAUSHIK DATTANI, et al.,<br><br>     Plaintiffs and Appellants,<br><br>v.<br><br>GEEN HONE LEE,<br><br>     Defendant and Respondent. | A138582<br><br>(San Francisco County<br>Super. Ct. No. CGC-11-509290) |

Defendant and respondent Geen Hone Lee has moved to dismiss the appeal of plaintiffs and appellants Kaushik Dattani, et al. (Dattanis) on the ground that their notice of appeal was not timely filed. We conclude that an appealable judgment was created when Dattanis filed a request for dismissal without prejudice of all of their causes of action that remained after a grant of summary adjudication against them. Thus, the notice of appeal filed more than 180 days after the date of this judgment, was untimely. We therefore grant the motion to dismiss.

## I. BACKGROUND

Dattanis filed a four-count complaint against respondent. By order dated June 27, 2012, the court granted respondent's motion for summary adjudication of Dattanis's first cause of action. On September 10, 2012, Dattanis filed a request for dismissal of all the remaining causes of action. According to counsel's uncontested declaration in support of the motion to dismiss this appeal, she appeared on September 10, 2012, for trial of the second, third, and fourth causes of action. Dattanis's attorney appeared and told her that he was dismissing those causes of action "in order to pursue an appeal."

The request for dismissal was filed on the requisite Judicial Council form with a section to be completed by the clerk showing whether or not dismissal was entered as

1

requested.  This section of the form was never completed by the clerk.  The court's register of actions for September 10, 2012, states:  "Removed from master court calendar set for Sep-10-2012 – off calendar.  Plaintiff's counsel represented to the court that the 1st cause of action was adjudicated on 6/27/12 and a dismissal of all the other causes of action was filed on 9/10/12."

On April 16, 2013, the court filed a "Judgment by the Court Under C.C.P. § 437c" prepared by Dattanis's counsel.  The judgment states:  "On June 27, 2012, this Court granted [respondent's] motion for summary adjudication on the first cause of action . . . .  On September 10, 2012, [Dattanis] dismissed their remaining causes of action . . . .  Accordingly, [Dattanis] have no further claims to prosecute, and the Court orders that judgment shall be entered in favor of [respondent].  [Dattanis] shall recover nothing on their complaint."

On May 6, 2013, Dattanis filed a notice of appeal from the April 16 judgment.  They checked the box on the form stating that the appeal was from a "[j]udgment after an order granting a summary judgment motion."

## II.  DISCUSSION

Respondent contends that Dattanis's request for dismissal was the equivalent of a judgment on the day it was filed, and appealable.  If respondent is correct, then Dattanis's notice of appeal was untimely.  Under California Rules of Court, rule 8.104(a)(1)(C), the latest possible time to file a notice of appeal is 180 days after entry of judgment.  If the request for dismissal was tantamount to a judgment, then judgment was entered on September 10, 2012, the date the request was filed by the clerk.  (*Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265, 1268, fn. 2 ["a judgment's date of filing, as shown on a file stamp, is the judgment's date of entry"].)  The notice of appeal was filed more than 180 days later, in May 2013.

"Ordinarily, a plaintiff's voluntary dismissal is deemed to be nonappealable on the theory that dismissal of the action is a ministerial action of the clerk, not a judicial act."  (*Stewart v. Colonial Western Agency, Inc.* (2001) 87 Cal.App.4th 1006, 1012 (*Stewart*).)  However, a series of cases beginning with *Ashland Chemical Co. v. Provence*

2

(1982) 129 Cal.App.3d 790 (*Ashland*) recognized an exception to this rule and "allowed appeals by plaintiffs who dismissed their complaints after an adverse ruling by the trial court, on the theory the dismissals were not really voluntary, but only done to expedite an appeal." (*Id.* at p. 793; see *id*. at p. 792 [the plaintiff asked the clerk to dismiss the compliant with prejudice " 'only for the purpose of expediting appeal' " after the court sustained the defendant's demurrer without leave to amend]; *Denney v. Lawrence* (1994) 22 Cal.App.4th 927, 930, fn. 1 (*Denney*) [following *Ashland*; parties stipulated to a "judgment of dismissal" after a ruling adverse to the plaintiff in a defamation action]; *Casey v. Overhead Door Corp.* (1999) 74 Cal.App.4th 112, 116, fn. 2 (*Casey*), disapproved on another ground in *Jimenez v. Superior Court* (2002) 29 Cal.4th 473, 481, fn. 1 [following *Ashland* and *Denney*; court granted the defendant's motion for summary adjudication and an in limine motion on the remaining cause of action; the defendant's motion for "nonsuit/directed verdict" was granted and a "stipulated judgment" was entered for the defendant].)

Ashland, Denney, and Casey stand for the propositions that an appeal will lie "when a dismissal was requested after an adverse trial court ruling so that an appeal could be taken promptly," and the request for such dismissal "operates as a request for an entry of judgment based on the adverse ruling." (*Denney*, *supra*, 22 Cal.App.4th at p. 930, fn. 1.) It is unclear whether a judgment was entered in *Ashland* (*Ashland*, *supra*, 129 Cal.App.3d at p. 792), but judgments were entered in *Denney* and *Casey* from which the appellants appealed. (*Denney*, *supra*, at p. 930; *Casey*, *supra*, 74 Cal.App.4th at p. 116.) Here, no judgment was filed when the request for dismissal was made, and *Denney*, *Casey*, and possibly *Ashland* may be distinguished on that ground.

The distinction was eliminated in *Stewart*, where the reasoning of *Ashland*, *Denney*, and *Casey* was extended to permit an appeal even though the record "contain[ed] no judgment or order of dismissal and no indication that either was ever entered." (*Stewart*, *supra*, 87 Cal.App.4th at p. 1012.) But *Stewart* may also be distinguishable. That appeal contested an order for sanctions, and the parties agreed "that a settlement had been reached and a request for voluntary dismissal [was] entered with a stipulation that

3

the sanction order would be appealed." (*Stewart*, *supra*, at p. 1012.) "Since the parties [were] in agreement that [a] dismissal was entered with the stipulation that appeal from the trial court's order imposing sanctions was to follow, [the appellate court was] satisfied that an appealable order exist[ed]." (*Ibid.*) There is no agreement about appealability in the record here.

The next relevant case, and the one that most directly supports our holding, is *Gutkin v. University of Southern California* (2002) 101 Cal.App.4th 967 (*Gutkin*). There, the plaintiff appellant sued a university and several individual defendants. A motion to dismiss the individual defendants was granted after their demurrers were sustained, and the case proceeded against the university. On August 10, 2001, in the face of a threatened motion directed at his remaining claims, the plaintiff appellant "filed a voluntary request for dismissal of his complaint 'without prejudice' " (*Gutkin*, *supra*, 101 Cal.App.4th at p. 973.) "[The appellant] filed a notice of appeal on August 17, 2001. He then twice sought entry of judgment of dismissal on the basis of the trial court's orders sustaining the demurrers to five of the seven causes of action and dismissal of the individual defendants, as well as his own voluntary dismissal of the action. The court clerk rejected [the appellant's] proposed judgment of dismissal because a dismissal of the complaint had been entered and notice of dismissal given. [The appellant] then followed with a 'supplemental notice of appeal' on October 4, 2001." (*Ibid*.)

The *Gutkin* court held that the rulings on the demurrers could be contested in an appeal filed following the request for dismissal. The court reasoned that the appellant could not voluntarily dismiss the causes of action to which demurrers had been sustained and, citing *Ashland*, *Casey*, and *Stewart*, held "that even though the trial court refused to enter judgment following his voluntary dismissal of the complaint, the court's order sustaining the demurrers without leave to amend, combined with the dismissal of the action, *had the legal effect of a final, appealable judgment*." (*Gutkin*, *supra*, 101 Cal.App.4th at p. 974-975 [italics added].) We likewise conclude that the granting of summary adjudication on the first cause of action here, combined with Dattanis's request

4

for dismissal of the remaining causes of action, created a "final, appealable judgment" that enabled Dattanis to contest the summary adjudication.

Dattanis have filed an opening brief doing just that. They contend that summary adjudication of the first cause of action was erroneous. They do not contest the causes of action they voluntarily dismissed, and could not do so under *Gutkin*. *Gutkin* held that the appellant there could not challenge rulings on the causes of action that were not resolved by the demurrers in that case because, as to those causes of action, the appeal was barred by the rule that voluntary dismissals are not appealable. (*Gutkin*, *supra*, 101 Cal.App.4th at p. 975.) We have no reason to question that aspect of *Gutkin* here.

*Gutkin* could be distinguished on the ground that, in that case, "a dismissal of the complaint had been entered and notice of dismissal given." (*Gutkin*, *supra*, 101 Cal.App.4th at p. 973.) Here, the trial court clerk merely filed and stamped Dattanis's request for dismissal on September 10, 2012. Dattanis do not contend that the dismissal was ineffective on that date, and they would be estopped from so arguing because the purported "judgment" they filed in April 2013 stated that they had "no further claims to prosecute" because they "dismissed their remaining causes of action" on that date. That estoppel aside, we hold that the mere filing of the request for dismissal, without further action by the clerk, dismissed the remaining claims from the suit and created an appealable judgment from which Dattanis could have contested the summary adjudication ruling. As recently confirmed by the decision in *Kurwa v. Kislinger* (2013) 57 Cal.4th 1097 (*Kurwa*), the request for dismissal effectively ended proceedings in the trial court, even though the causes of action were dismissed without prejudice. (Compare *Goldbaum v. Regents of the University of California* (2011) 191 Cal.App.4th 703, 708 [suggesting that a dismissal with prejudice is required to create an appealable judgment]).

In *Kurwa*, the plaintiff dismissed some of his causes of action with prejudice after an adverse pretrial ruling. The parties agreed to dismiss their remaining claims against each other without prejudice, and to waive the statute of limitations applicable to those claims. Judgment was entered for the defendant from which the plaintiff appealed. The court held that the judgment was not final and appealable under the one final judgment

5

rule because the claims dismissed without prejudice were preserved for later litigation by the waiver of the statute of limitations. (*Kurwa*, *supra*, 57 Cal.4th at pp. 1100, 1105.)

*Kurwa*'s relevance here is that it did not attribute the lack of finality to the dismissal of some of the causes of action without prejudice. The judgment was not final because of the agreement to waive the statute of limitations as to those causes of action in order to preserve them for future litigation. *Kurwa* quoted with approval the decision in *Abatti v. Imperial Irrigation Dist.* (2012) 205 Cal.App.4th 650 (*Abatti*), where the court held: "Dismissal of some counts without prejudice, by itself, does not deprive a judgment of appealability, as 'claims that are dismissed without prejudice are no less final for purposes of the one final judgment rule than are adjudicated claims . . . .' (*Abatti*, *supra*, at p. 665.) But where the parties have reached an agreement that assures the potential for future litigation of the dismissed claims, the judgment 'lacks sufficient finality to be appealable pursuant to the one final judgment rule.' (*Id.* at p. 667.)" (*Kurwa*, *supra*, 57 Cal.4th 1097 at p. 1104.) "A plaintiff or cross-complainant has, of course, the right to voluntarily dismiss a cause of action without prejudice prior to trial. [Citations.] And as the *Abatti* court explained, such a dismissal, unaccompanied by any agreement for future litigation, does create sufficient finality as to that cause of action so as to allow appeal from a judgment disposing of the other counts." (*Id.* at p. 1105.)

Here, Dattanis's dismissal of the remaining claims without prejudice operated as a final judgment that resolved all the claims between the parties. Were we to conclude otherwise, there would be no consequence to a plaintiff who dismisses claims to facilitate appellate review but delays years before seeking entry of judgment. At some point a defendant is entitled to finality. The appeal was filed more than 180 days after judgment and is untimely.

6

## III.  DISPOSITION

The appeal is dismissed.

_____
Siggins, J.

We concur:

_____
McGuiness, P.J.

_____
Jenkins, J.

A138582
Trial Court:                                San Francisco County Superior Court


Trial Judge:                              Hon. Harold E. Kahn


Counsel for Plaintiffs and Appellants:      Michael Timothy Heath,
       and
Howard Olsen
       of Law Office of Michael Heath


Counsel for Defendant and Respondent:     Hannah C. Leung
       of Leung & Associates

Christine A. Chorney
       of Casalina & Disston