Filed 3/16/15  Rodriguez v. Grayd A Metals CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ALBERTO RODRIGUEZ et al., | |
| Plaintiffs and Appellants, | G049962 |
| v. | (Super. Ct. No. 30-2012-00601306) |
| GRAYD A METALS, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Janet C. Pesak, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

John L. Dodd & Associates, John L. Dodd, Andrea F. Jackson; Law Offices of Timothy J. Donahue and Timothy J. Donahue for Plaintiffs and Appellants.

Michael Maguire & Associates, Paul Kevin Wood and Juan C. Delgado for Defendant and Respondent.

\*          \*          \*

Plaintiffs Alberto Rodriguez and Antonio Jimenez appeal from a summary judgment granted in favor of defendant Grayd A Metals. Plaintiffs' vehicle was struck by an employee of Grayd A Metals, and plaintiffs seek damages under a theory of respondeat superior. They contend the employee was on his way to a welding class held at Fullerton Community College based on the encouragement of Grayd A Metals. To establish this fact, plaintiffs relied on a declaration from an individual who had been in a minor car accident with the same employee only minutes before the accident at issue. The driver of the other car declared that the employee stated he was on his way to a welding class held at Fullerton Community College. The trial court excluded this declaration on the basis that the declarant failed to include boilerplate language that the declaration was based on personal knowledge, and on the basis that it included inadmissible hearsay. Plaintiffs claim this was error.

Grayd A Metals makes little attempt to defend the court's evidentiary rulings, but instead argues the summary judgment should be affirmed because, even conceding the error and that the employee was on his way to a welding class as a result of encouragement from his supervisor, there is not a sufficient nexus between that trip and the employee's duties on the job to warrant liability under respondeat superior.

Alternatively, plaintiffs argue the court abused its discretion by denying their request for a continuance to obtain additional discovery. In particular, plaintiffs' counsel declared that a recent deposition of Grayd A Metals' timekeeper revealed that a portion of the employee's time card for the day of the accident had been altered with correction fluid. However, counsel did not yet have a transcript at the time of filing plaintiffs' opposition.

We agree the court's evidentiary rulings were error, but we also agree with Grayd A Metals that it made no difference because the evidence was insufficient to establish respondeat superior liability in any event. Further, we conclude the court's

2

ruling on the continuance was harmless because evidence of the time record alteration was insufficient to create liability.  Accordingly, we affirm.

FACTS

Michael Harding was employed by Grayd A Metals as a welding fabricator on April 13, 2012, the date of the car accident.  That day, Harding worked a shift from 4:30 a.m. to 12:30 p.m.  After he left work, he had two accidents.  The first was a minor "fender bender" in which he was not hurt.  The second, the accident at issue, was a more serious accident.  It resulted in Harding being hospitalized for three to four weeks with a fractured ankle, injuries to his rib cage, internal bleeding, injury to his spleen, and a broken nose.  Plaintiffs allege they were also injured in this accident.  Harding does not remember how the accident was caused.  He describes having a hole in his memory.  He simply remembers waking up in the hospital.

Grayd A Metals had a policy of reimbursing welders, such as Harding, for attending classes pertaining to the metal fabricating industry.  Harding would be eligible for promotions by increasing his knowledge.  Harding was told by his supervisor that he would have to attend classes to do so.  Harding had informed William Gray, the vice president of the company, that he was taking a mechanical drawing class, to which Gray responded, "[G]ood job."  He was taking this class in the spring of 2012.

The principal disputed issue of fact was whether Harding was on his way to a work-related class at the time of the accident.  Harding testified in his deposition that he was on his way home after work and "off the clock."  Plaintiffs produced a declaration from Alex Avalos, the other individual involved in the first of Harding's accidents. Avalos declared he had a conversation with Harding after the accident in which Harding stated he was on his way to Fullerton Community College to take a welding class.  Grayd A Metals objected to this declaration.

3

The court granted summary judgment and sustained the objection to the Avalos declaration. With respect to the declaration, the court found it was insufficient because Avalos did not include the usual boilerplate language that his declaration was made based on personal knowledge. The court also ruled the Avalos declaration was hearsay. Summary judgment was granted on the ground that plaintiffs had not met their burden to show "Harding was acting within the scope of his employment or that there was any incident[]al benefit to his employer . . . ." Plaintiffs subsequently filed a motion for new trial, which was denied. Plaintiffs' timely appealed the judgment.

## DISCUSSION

The principal focus of plaintiffs' brief is their contention that the court erred by excluding the Avalos declaration. We agree the court erred in excluding the declaration, but also conclude the evidence was insufficient to establish the respondeat superior liability of Grayd A Metals.

The first ground on which the court excluded the declaration was that it did not contain a boilerplate statement that the declaration was based on personal knowledge. This was plainly error. "The requirement of [Code of Civil Procedure section 437c] is not that the declarant recite the conclusion that he can competently testify but that he allege facts showing his competence." (*Roy Brothers Drilling Co. v. Jones* (1981) 123 Cal.App.3d 175, 182.)

Here, Avalos declared he was personally involved in an accident with Harding on April 13, 2012. He then declared he personally had a conversation with Harding in which Harding claimed to be on his way to a welding class held at Fullerton Community College. Plainly, Avalos, being personally involved, had personal knowledge of these facts. He did not need to recite a formulaic conclusion to establish his personal knowledge. The court's ruling was in error.

4

The court also ruled Avalos's recitation of Harding's statement was inadmissible hearsay. This was also error. Harding testified in deposition that he was on his way home. His hearsay statement to Avalos that he was on his way to class is admissible as a prior inconsistent statement. (Evid. Code, § 1235.)

Grayd A Metals only halfheartedly defends the court's evidentiary rulings; it spends the bulk of its brief arguing that, even if Harding had been on his way to a welding class, it would be insufficient to establish liability under the doctrine of respondeat superior. We agree.

"The standard of review on a motion for summary judgment or summary adjudication is familiar. A defendant meets his or her burden in a summary adjudication motion 'by negating an essential element of the plaintiff's case, or by establishing a complete defense, or by demonstrating the absence of evidence to support the plaintiff's case.' [Citations.] 'We review questions of law as well as orders granting summary adjudication under the de novo standard of review.'" (*Angelica Textile Services, Inc. v. Park* (2013) 220 Cal.App.4th 495, 504.)

In contending plaintiffs cannot establish liability under respondeat superior, Grayd A Metals relies heavily on *Blackman v. Great American First Savings Bank* (1991) 233 Cal.App.3d 598 (*Blackman*). Because *Blackman* is so closely on point, we quote from it extensively.

In *Blackman* the plaintiff was injured in a car accident with an employee of the defendant Great American First Savings Bank (Great American). "At the time of the collision, [employee] was leaving the Great American parking lot and intending to drive to San Diego State University. [Employee], a full-time Great American payroll accountant, was pursuing a business administration degree with emphasis in accounting under Great American's educational assistance program, which provided her with financial aid. In return, [employee] signed a contract which stated she agreed to remain an employee of Great American for five years, or reimburse a portion of the tuition-

5

related funds provided by her employer." (*Blackman*, *supra*, 233 Cal.App.3d at p. 601.)
Great American's educational assistance program "reimburse[d employee] for her tuition
and book expenses for all relevant courses." (*Ibid.*) Plaintiff sought to hold Great
American liable under respondeat superior. (*Id.* at p. 602.)

"Under the doctrine of respondeat superior, an employer is liable for those
torts committed by employees acting within the scope of their employment." (*Blackman*,
*supra*, 233 Cal.App.3d at p. 602.) "In analyzing cases of vicarious liability, the inquiry
should be whether the risk may fairly be regarded as typical of, or broadly incidental to,
the employer's business. [Citation.] The risk arising out of the employment should not
be so unusual or startling that it would seem unfair to include the loss resulting from it
among other costs of the employer's business." (*Id.* at p. 604.) "The going-and-coming
doctrine states an employee is outside the scope of his employment while engaged in the
ordinary commute to and from his place of work. [Citation.] This rule is based on the
principle that the employment relationship is suspended from the time the employee
leaves his place of work until he returns." (*Id.* at p. 602.) "Although an exception to the
going-and-coming rule will be made when the trip involves an incidental benefit to the
employer, the benefit must be sufficient enough to justify making the employer
responsible for the risks inherent in the travel." (*Id.* at p. 604.)

"The special errand doctrine is an exception to the going-and-coming rule
which states an employee is within the scope of his employment while coming from
home or returning to it while on a special errand either as part of his regular duties or at a
specific order or request of his employer." (*Blackman*, *supra*, 233 Cal.App.3d at p. 602.)

"Generally, whether an employee is within the scope of employment is a
question of fact; however, when the facts of a case are undisputed and conflicting
inferences may not be drawn from those facts, whether an employee is acting within the
scope of employment is a question of law." (*Blackman*, *supra*, 233 Cal.App.3d at p.
602.)

6

The *Blackman* court concluded that under these doctrines, Great American could not be held liable under respondeat superior: "Here, notwithstanding Great American's apparent view that they would receive a benefit from [employee's] college attendance, the reimbursement for college coursework can only be seen as broadly collateral to Great American's business, banking. Although Great American may have enhanced its banking business by facilitating its employees' educational advancement, the schoolwork has no direct impact on the day-to-day banking operations and the benefit is derived only indirectly over time." (*Blackman*, *supra*, 233 Cal.App.3d at p. 604.)

Grayd A Metals contends *Blackman* is on all fours, and we agree. Plaintiffs argue it is distinguishable because, in *Blackman*, Great American produced extensive evidence documenting its educational assistance program, establishing that it was a voluntary program that only 1 to 2 percent of employees took advantage of. (*Blackman*, *supra*, 233 Cal.App.3d at p. 602.) As plaintiffs stated, Grayd A Metals did "not state one single fact in its separate statement of facts indicating Harding was not required to take the welding class in order to be a welder for" Grayd A Metals. The flaw in plaintiffs' response, however, is that "'[t]he burden of proof is on the plaintiff to demonstrate that the negligent act was committed within the scope of employment.'" (*Halliburton Energy Services, Inc. v. Department of Transportation* (2013) 220 Cal.App.4th 87, 94.) It was not Grayd A Metals' burden to show Harding's class was *not* a substantial benefit to the company or a special errand; rather, it was plaintiff's burden to show that it was. Here, the evidence shows no more than Grayd A Metals encouraged employees to increase their education, and that the company would reimburse employees for the costs of relevant course work, but nothing more. There is no evidence that Grayd A Metals required, or even requested, that Harding take a welding class. Under these circumstances, *Blackman* is persuasive and plaintiffs did not establish liability under respondeat superior.

7

In the alterative, plaintiffs contend the court abused its discretion in denying a continuance to obtain additional evidence.  In their opposition to the summary judgment motion, plaintiffs requested a continuance.  Their counsel declared that on December 6, 2013, he had taken the deposition of Christine Gray (Grayd A Metals' time keeper), who testified that, "the time recorded on April 13, 2012 was changed with" correction fluid.  He had not yet obtained a transcript of the deposition.[1]  Plaintiffs' counsel stated that he had scheduled the deposition "earlier," but had continued the deposition based on defense counsel's request as a professional courtesy.  Plaintiffs' counsel also claimed he had requested documents and information from defendants that would show Harding was, in fact, on his way to a work-related class.  The court denied the continuance, stating, "To get a continuance for evidence you have to demonstrate diligence."

"An opposing party's declaration in support of a motion to continue the summary judgment hearing should show the following:  (1) '*Facts* establishing *a likelihood that controverting evidence may exist* and *why* the information sought is *essential* to opposing the motion'; (2) 'The *specific reasons* why such evidence cannot be presented at the present time'; (3) 'An estimate of the *time* necessary to obtain such evidence'; and (4) 'The specific steps or procedures the opposing party intends to utilize to obtain such evidence.'" (*Johnson v. Alameda County Medical Center* (2012) 205 Cal.App.4th 521, 532.)  Counsel's declaration fell far short of these requirements.  We are not enlightened as to what "documents and information" had been requested, or when

---

[1]       Plaintiffs' counsel's declaration did not state he had not yet received the transcript.  Counsel filed a demand to Grayd A Metals to lodge the deposition transcript, but Grayd A Metals responded that it did not have a copy of the transcript, and pointed out the deposition had been noticed by plaintiffs.  By the time of the hearing, plaintiffs' counsel had apparently obtained a copy of the transcript, and further recited that he asked Christine Gray why the time card was altered with correction fluid and what was underneath the correction fluid, to which she responded "I don't know" to both questions.

the information was requested, much less how that information, whatever it was, may show that Harding was on his way to a "work-related class." Further, as discussed above, a mere showing that Harding was on his way to a work-related class is insufficient, without more, to establish respondeat superior liability. We also note that the hearing on the summary judgment motion was held on December 27, 2013, just 31 days before the scheduled trial date. The discovery cutoff date was only one day away (see Code Civ. Proc. § 2024.020, subd. (a)), after the case had been pending for 15 months, and the summary judgment motion had been pending for 135 days. Plaintiffs did not request an extension of the discovery cutoff date or a continuance of trial. Time had essentially run out.

To the extent counsel believed he needed the actual transcript of Christine Gray's deposition, the ruling on the continuance was harmless because counsel's declaration was sufficient to put Christine Gray's testimony at issue. There was no objection to that testimony, and plaintiffs cited it in their response to the separate statement of facts. The real issue is whether that evidence was sufficient to create a disputed issue of fact. We conclude it was not.

Counsel's declaration was simply that Christine Gray had testified that a time recorded on the time card had been altered with correction fluid. We have reviewed the time card, and there are multiple times written on the card by a machine stamp, and some notations in handwriting, apparently for the purpose of subtracting the time stamps to determine the number of hours worked. It is not obvious that the time card had been altered with correction fluid. But even if we accept that a time was altered, we do not know *which* of several entries, and thus we do not know what inference can be drawn against Grayd A Metals. Furthermore, plaintiffs did not cite any authority either at trial or on appeal demonstrating what difference such an inference, whatever it is, could have made, given that we have already determined above that there is no respondeat superior

9

liability for traveling to a work-related class under the circumstances shown by the evidence.  Accordingly, we affirm.

## DISPOSITION

The judgment is affirmed.  Grayd A Metals shall recover its costs incurred on appeal.

IKOLA, J.

WE CONCUR:

O'LEARY, P. J.

MOORE, J.

10