Filed 6/28/24  Williams v. Love CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| SHAWNY K. WILLIAMS, as Trustee, etc., <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> SHANDA LOVE et al., <br><br>     Defendants and Appellants. | A168790 <br><br><br> (City and County of San Francisco Super. Ct. No. CUD-23-671215) |

### MEMORANDUM OPINION[1]

In this unlawful detainer action, the trial court granted a motion for summary judgment—filed by Shawny K. Williams, as Trustee of the Williams Calderon Trust—and agreed that Shanda Love, Shannon Williams, and Mashama Nolan (collectively, appellants) could not show the existence of a triable issue of material fact after admitting (in discovery responses) the allegations of the Trustee's complaint.  Accordingly, the trial court entered judgment—for possession of the premises, past due rent, and damages—in the Trustee's favor.  Appellants, who have been proceeding in propria persona at all relevant times, appeal

---

[1]  We resolve this appeal by a memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1, and the First Appellate District Local Rules, rule 19.

1

from that judgment,[2] contending that the trial court erred in granting summary judgment because there is a triable issue of material fact as to whether they agreed to pay the Trustee rent. (See Code Civ. Proc., § 1161, subd. (2).) We affirm because appellants wholly fail to meet their burden to demonstrate error.

It is well established that appellate courts must presume a trial court's judgment is correct and that errors must be affirmatively demonstrated on appeal. (*Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 443; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) To do so, the appellant has the burden of providing a record adequate for the task of determining whether error occurred. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.) Accordingly, because we must make all presumptions in favor of the validity of the judgment, failure to provide an adequate record means that the issue must be resolved against the appellant. (*Maria P.,* at pp. 1295-1296; *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

Here, although appellants suggest that the trial court erred in concluding there was no triable issue of material fact, the

---

[2] The notice of appeal indicates appellants appeal from a judgment entered after an order granting summary judgment but does not include the date that judgment was entered. And the clerk's transcript does not contain any judgment. However, the exhibits appellants filed in support of their petition for writ of supersedeas, which we previously denied, include a judgment dated October 13, 2023. Although appellants filed their notice of appeal after the court's summary judgment ruling but before the entry of judgment, we treat their premature notice of appeal as having been timely filed after the judgment. (See Cal. Rules of Court, rule 8.104(d)(2); *Johnson v. Alameda County Medical Center* (2012) 205 Cal.App.4th 521, 531 ["[a]n order granting summary judgment is not appealable—it is the later judgment that is appealable"].)

record—which appellants designated and made no effort to augment—contains little more than the trial court's order granting summary judgment, the trial court's order denying reconsideration of the same order, and the notice of appeal. Notably, the record does *not* contain the Trustee's moving papers, appellants' opposition to the summary judgment motion, or any declarations filed therewith. Thus, there is nothing in the record to support appellants' assertions that they timely served verified responses to the Trustee's requests for admission or that they otherwise denied the existence of an oral lease agreement.

We are sympathetic to the fact that appellants are representing themselves without the benefit of an attorney. But their status as self-represented litigants does not exempt them from the rules of appellate procedure. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) On this record, we are compelled to presume that the trial court's ruling in the Trustee's favor was correct. (See *Maria P. v. Riles, supra*, 43 Cal.3d at pp. 1295-1296; *Gee v. American Realty & Construction, Inc.*, *supra*, 99 Cal.App.4th at p. 1416 [if the record is inadequate for meaningful review, " 'the appellant defaults and the decision of the trial court should be affirmed' "].)

## DISPOSITION

The judgment is affirmed. The Trustee is entitled to his costs on appeal. (Cal. Rules of Court, Rule 8.278(a)(1), (2).)


BURNS, J.

WE CONCUR:


SIMONS, ACTING P. J.
CHOU, J.

*Williams v. Love et al. (A168790)*

3