Filed 1/23/26  Estate of Ravizza v. St. Judge Medical CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| ESTATE OF KENNETH RAVIZZA et al., | B338865 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 20STCV21744) |
| v. | |
| ST. JUDE MEDICAL, LLC et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David Reinert, Judge.  Reversed and remanded with directions.

Greene Broillet & Wheeler, Scott H. Carr, Geoffrey S. Wells and Jenna D. Edzant; Esner, Chang, Boyer & Murphy, Stuart B. Esner and Kevin K. Nguyen for Plaintiffs and Appellants.

Mayer Brown, Daniel L. Ring, Gina Aiello, Anastasiya Lobacheva, Joseph J. Vescera and Michael A. Scodro for Defendants and Respondents.

## INTRODUCTION

In October 2011, Kenneth Ravizza received an "implantable cardioverter defibrillator," or "ICD," a medical device used to correct abnormal heart rhythms. In July 2018, Ravizza suffered a fatal cardiac arrest while driving. His estate and family sued the manufacturers of Ravizza's ICD, claiming the ICD malfunctioned due to a manufacturing defect.

Respondents St. Jude Medical, LLC (St. Jude) and Pacesetter, Inc. (Pacesetter) moved for summary judgment, arguing Ravizza's ICD had no manufacturing defect. St. Jude and Pacesetter supported the motion in part with testimony from an expert witness, who relied on a report from an inspection of the ICD conducted by St. Jude. In response, plaintiffs asked the court to continue the hearing on the motion so they could have their own expert inspect the ICD. The trial court denied this request and granted summary judgment. We conclude the trial court erred in failing to grant the continuance, and therefore reverse.

## FACTS AND PROCEDURAL BACKGROUND

Ravizza was a sports psychologist who worked with and for several Major League Baseball teams. In 2011, his surgeon, Matthew Ostrom, implanted an ICD. When functioning properly, an ICD senses abnormal heart rhythms and either sends electrical signals to put the patient's heart back on pace, or else administers a shock to trigger a more significant change in rhythm.

Ravizza enjoyed seven years of good health, with no sign of further cardiac issues. During this time, his ICD appeared to be in perfect working order. However, in 2018, he suffered a cardiac arrest while driving and died,

causing a low-speed motor vehicle collision. After his death, electronic queries of the ICD confirmed it had sensed the cardiac issue and attempted to deliver a shock, but was unable to do so because of a short in its system.

Ostrom arranged for the ICD to be removed and sent to the manufacturer for analysis. The manufacturer sent Ostrom a letter concluding that the wire, or "lead," running from the ICD to the heart had multiple abrasions. The letter suggested the abrasions were the result of friction with Ravizza's body or other portions of the device.

Appellants Claire Tehan Ravizza, Monica Ravizza, and Nina Ravizza[1] (plaintiffs) subsequently sued Abbott Laboratories, Abbott Sales, Marketing, & Distribution Co., St. Jude, and Pacesetter, asserting strict liability claims for manufacturing defect and failure to warn, negligence, breach of express warranty, breach of implied warranty, and a survival action. In September 2023, St. Jude and Pacesetter filed a motion for summary judgment, arguing plaintiffs' claims against them were preempted by federal law and plaintiffs had no evidence to show a manufacturing defect or support any other claim.

In October 2023, plaintiffs filed an ex parte application to continue the hearing on the summary judgment motion for 90 days. The application was granted and the hearing was set for March 2024. In November 2023, plaintiffs contacted St. Jude to schedule an inspection of Ravizza's ICD by their expert. Counsel exchanged emails over the ensuing weeks, with St. Jude indicating the ICD was at St. Jude's laboratory and the tests could be done there if plaintiffs would agree to follow a set protocol.

In January 2024, St. Jude renewed the offer to conduct the inspection at its lab. Counsel for both sides continued to negotiate the protocol until St.

---

[1] Claire Tehan Ravizza was the decedent's wife and is his successor-in-interest. Monica Ravizza and Nina Ravizza are their children.

Jude indicated, without giving a reason, that the inspection could no longer occur at its lab, but would happen at its counsel's law offices. This was not acceptable to counsel for plaintiffs, whose deadline to oppose the motion for summary judgment was now just one month away. The parties were unable to work out an accommodation, or identify a third-party laboratory, in time to complete the inspection before the opposition to the summary judgment motion was due.

In their opposition papers, plaintiffs asked the court to deny the motion under Code of Civil Procedure section 437c, subdivision (h),[2] based on their inability to inspect the device. At the hearing, the trial court and counsel treated this as a request for a continuance under the same statute.

The trial court granted the motion for summary judgment, rejecting the preemption argument but ruling that plaintiffs had not traced the ICD's failure to a manufacturing defect and had not identified a specific risk that should have resulted in a warning. The court denied the request for continuance, finding plaintiffs had failed to show that testing the ICD was essential to opposing the motion. In support of this finding, the court pointed to two statements by plaintiffs that the inspection would "yield even more evidence" than plaintiffs already had.

The trial court entered judgment for St. Jude and Pacesetter on April 3, 2024. Plaintiffs timely appealed.

## DISCUSSION

Plaintiffs make two arguments on appeal. First, they argue the trial court erred in denying their request for a continuance so they could have the

---

[2] All future statutory references are to the Code of Civil Procedure, unless otherwise stated.

ICD inspected.  Second, they argue St. Jude and Pacesetter failed to meet their initial burden on summary judgment.  Because we are persuaded by the first argument, we need not discuss the second.

I.      *Governing Law*

Section 437c, subdivision (h) provides "[i]f it appears from the affidavits submitted in opposition to a motion for summary judgment . . . that facts essential to justify opposition may exist but cannot, for reasons stated, be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just.  The application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due."

A request under section 437c, subdivision (h) must show (1) the facts to be obtained are essential to opposing the motion, (2) reason to believe these facts exist, and (3) reasonable diligence in attempting to discover these facts. (*Braganza v. Albertson's, LLC* (2021) 67 Cal.App.5th 144, 152 (*Braganza*).) We review the ruling on a request to continue for abuse of discretion. (*Braganza, supra,* 67 Cal.App.5th at p. 152.)

II.     *Analysis*

"Continuance requests under section 437c, subdivision (h), are to be liberally granted." (*Braganza, supra,* 67 Cal.App.5th at p. 152.)  The purpose of such continuances is to ensure that cases are decided on their merits rather than on procedural grounds.  (*Ibid.*)  This is a product defect case.  The critical piece of evidence is the product: Ravizza's ICD.  The ICD is a complex

piece of biomechanical machinery.  It was essential that plaintiffs' expert have a chance to inspect the ICD.

The trial court's reasoning on the merits of the motion illustrates the need for the inspection.  The court found plaintiffs failed to meet their burden in response to the motion because they were unable to point to a specific defect in the device.  The court found the testimony of plaintiffs' experts lacked foundation or support because, while the experts opined the ICD would not malfunction in the manner it did without a defect, they could not identify what the defect was.  Had plaintiffs' expert been able to inspect the device, they might have found something that would allow them to do so.  It is not clear how plaintiffs would be able to identify a defect with precision in the absence of an inspection.

Both sides assume the trial court found that plaintiffs' decision to oppose the motion on its merits operated as a concession that a continuance was unnecessary; plaintiffs argue that finding was error, St. Jude and Pacesetter argue it was correct.  We are not convinced the court made such a finding because that is not what the court said.  While the court did find it "counterintuitive" to argue both that the motion should be denied on the merits and that facts essential to oppose the motion remained outstanding, the court did not base its ruling on that ground.

As noted, St. Jude and Pacesetter argue it is improper to seek a continuance as an alternative to opposing the motion on its merits.  For this proposition, they cite *Lloyd Design Corp. v. Mercedes Benz of North America, Inc.* (1998) 66 Cal.App.4th 716.  But *Lloyd* does not support the argument.  In *Lloyd*, the appellant failed to request a continuance in the trial court.  (*Id.* at p. 726.)  Instead, it mentioned the lack of discovery in its opposition brief but asserted there was "more than enough" evidence to overcome summary

6

judgment anyway. (*Ibid.*) The court of appeal held the issue of continuance had been forfeited on appeal because it was not raised below. (*Ibid.*) In contrast, where a request for continuance is properly made, no authority suggests the trial court should deny the request because the plaintiff argued the merits of the case in the alternative. Arguing in the alternative is a common practice, and nothing in the text of section 437c, subdivision (h) forbids it. (See, e.g., *Park City Services, Inc. v. Ford Motor Co., Inc.* (2006) 144 Cal.App.4th 295, 309.)

St. Jude and Pacesetter characterize plaintiffs' request to inspect Ravizza's ICD as a "fishing expedition." It is not. The ICD is the central piece of evidence in this case. Inspecting it should be a matter of course. While it is true that a continuance under section 437c, subdivision (h) is not automatic, the authorities St. Jude and Pacesetter rely on differ significantly from the facts here.[3]

Finally, St. Jude and Pacesetter urge us to affirm the trial court's order on the grounds that plaintiffs failed to act with reasonable diligence. However, the trial court made no such finding. In fact, at the hearing, the trial court suggested the opposite: that plaintiffs had acted with diligence. We will not consider whether the court could have exercised its discretion to

---

[3] *Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 655–657 involved a request to depose a party's counsel; the court of appeal concluded there was no basis to do so. In *Johnson v. Alameda County Medical Center* (2012) 205 Cal.App.4th 521, counsel requested a continuance after discovery had closed, based on a broad declaration that plaintiff needed discovery to determine who was responsible for her injury. In *Bushling v. Fremont Medical Center* (2004) 117 Cal.App.4th 493, the requesting party attempted no discovery at all prior to the motion. In *California Automobile Ins. Co. v. Hogan* (2003) 112 Cal.App.4th 1292, the sole basis for the request was the statement that the opposing party had been "less than forthright" in its discovery responses. (*Id.* at p. 1305.)

deny the request on diligence grounds when all indications are that it declined to do so.  (*People v. Best* (2020) 49 Cal.App.5th 747, 762.)

## DISPOSITION

The judgment of the trial court is reversed.  The case is remanded for proceedings consistent with this opinion.  Appellants shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, P. J.

WE CONCUR:


MORI, J.


TAMZARIAN, J.


8