Opinion
 

 HANLON, P. J.
 

 In this breach of contract action, James and Diane Panagotacos (appellants) appeal from the summary judgment entered in favor of respondent Bank of America. Appellants contend that triable issues of fact exist as to whether they entered into a binding contract to purchase real property and whether respondent is liable for emotional distress damages due to its violation of Civil Code section 2941. We affirm.
 

 Factual Background
 

 In August 1993, appellants located a house in Galaxidi, Greece that they wanted to buy. On August 26, 1993, the Geselschaps, the sellers of the house, wrote to appellants and proposed to sell their house for $160,000. The proposal was subject to several conditions including that the money for the property be paid in Germany and that delivery of the money occur no later than April 15, 1994. On January 18, 1994, appellants wrote to the Geselschaps and enclosed a signed copy of the August 26, 1993, letter to indicate their agreement to purchase the property. Their letter, however, included the statement that “both parties will need an attorney in Greece where papers need to be signed and the money and title exchanged.” The Geselschaps responded to this added term in their letter of January 27, 1994, stating that the condition in their August 26, 1993, letter that payment of the money occur in Germany was essential and that given appellants’ remarks about payment in Greece, that they had failed to agree.
 

 Over the next several months, the parties continued to correspond regarding the property. It was not until April 13, 1994, however, that appellants
 
 *854
 
 indicated a willingness to comply with the condition that payment for the property occur in Germany. At that point, appellants wrote to the Geselschaps, stating that they were prepared to send the money but needed an account number. Realizing that they would be unable to complete the deal prior to the April 15, 1994, deadline, they requested an extension of the agreement. They further suggested that payment of the money occur in Amsterdam or Germany in June. The Geselschaps refused to extend the agreement, noting that appellants had not timely given them any indication as to how they would comply with their condition of payment.
 

 Appellants intended to fund the purchase of the Geselschaps’ property with the proceeds of a loan secured by their property in Corte Madera. Appellant James Panagotacos therefore applied for a loan from First Interstate Bank in March 1994. Panagotacos was told that it would take three to four weeks before the loan would be funded. Prior to funding the loan, First Interstate Bank ordered a title search of the Corte Madera property. In searching the title of that property, First Interstate Bank discovered that respondent had recorded a second deed of trust on the property. First Interstate Bank informed Panagotacos that the second deed of trust on his property would have to be removed before First Interstate would fund the loan.
 

 Appellants had obtained a loan from respondent in 1974 secured by their property in Corte Madera. The loan was paid off in 1982 but respondent failed to record a deed of reconveyance.
 

 In mid-March, 1994, Panagotacos asked respondent to make an immediate reconveyance. Panagotacos told respondent that he was involved in purchasing property in Greece and that he faced an April 15, 1994, deadline. On March 24, 1994, respondent prepared a reconveyance and forwarded it to the Marin County Recorder’s Office for recording. The reconveyance was recorded on March 30, 1994. Respondent subsequently discovered that the book/reel number on the March 24, 1994, reconveyance was erroneously stated as 2758 rather than 2759. On April 12, 1994, respondent recorded a corrected reconveyance. First Interstate Bank prepared the loan documents for appellants’ loan on April 12, 1994. Appellants, however, did not sign the documents until April 19, 1994. The Greek property was sold to another buyer shortly after April 15, 1994.
 

 On April 10, 1995, appellants brought an action for damages pursuant to Civil Code section 2941 contending that respondent’s failure to reconvey the deed of trust in a timely manner rendered them unable to complete their loan transaction in time to purchase the Greek property. The complaint also
 
 *855
 
 alleged emotional distress damages and negligence. Respondent moved for summary adjudication arguing that appellants did not suffer damages as a result of the delayed reconveyance because there was no evidence that appellants had a binding contract to purchase the Greek property. The trial court granted the motion, finding that there was no contract between the parties. The court further found that appellants were not entitled to emotional distress damages for economic losses. Thereafter, pursuant to a stipulation of the parties, the court entered a judgment in favor of appellants awarding them the statutory penalty of $300 for a violation of Civil Code section 2941.
 

 Discussion
 

 The standard of review of summary judgment or summary adjudication is de novo.
 
 (Villa
 
 v.
 
 McFerren
 
 (1995) 35 Cal.App.4th 733, 741 [41 Cal.Rptr.2d 719].) Summary adjudication is properly granted when there is no merit to a cause of action. (Code Civ. Proc., § 437c, subd. (f)(1).)
 

 Civil Code section 2941, subdivision (b) provides that when an obligation secured by a deed of trust has been satisfied, the trustee shall execute a full reconveyance and cause it to be recorded.
 
 [1]
 
 The penalty for failing to timely record a reconveyance is $300 plus all damages which are sustained as a result of the violation. (Civ. Code, § 2941, subd. (d).)
 

 Appellants contend that the contract to purchase the Greek property was enforceable because the essential terms of the contract were reasonably certain. While it is true that the essential terms of the contract were set forth in the Geselschaps’ August 26, 1993, offer, that does not resolve the question presented in this case. Whether the contract was enforceable is immaterial, because appellants never accepted the August 26, 1993, offer. Although they sent the Geselschaps a signed copy of the August 26, 1993, offer, they added an additional term in the accompanying letter proposing that payment for the property occur in Greece. That proposal constituted a counteroffer.
 

 “[T]erms proposed in an offer must be met exactly, precisely and unequivocally for its acceptance to result in the formation of a binding contract
 
 *856
 
 [citations]; and a qualified acceptance amounts to a new proposal or counteroffer putting an end to the original offer . . .
 
 (Apablasa
 
 v.
 
 Merritt & Co.
 
 (1959) 176 Cal.App.2d 719, 726 [1 Cal.Rptr. 500].) Here, appellants’ counteroffer was not accepted by the Geselschaps who viewed their condition that the money be paid outside of Greece as an essential one. Although the Geselschaps continued to entertain discussion over the property with appellants, no binding contract was formed. Indeed, on January 27,1994, the Geselschaps informed appellants that given their failure to agree on terms, they intended to offer the property to others. Finally, even appellants’ letter of April 13, 1994, to the Geselschaps in which they agree to send the money to Germany did not constitute an acceptance of the August 26, 1993, offer because they again proposed additional terms, including an extension of the April 15, 1994, deadline and payment in June. Given these facts, the trial court properly found that there was not a binding contract between the parties.
 
 [2]
 

 Appellants’ April 13, 1994, letter also makes clear that respondent’s delayed reconveyance did riot result in appellants’ inability to purchase the Greek property. Appellants delayed until April 13 to agree to the Geselschaps’ condition requiring payment in Germany. At that point, they had no agreement with the Geselschaps as to how the transfer of money was to occur. And, the Geselschaps did not communicate a method of payment to appellants prior to the April 15 deadline. Appellants lost the opportunity to purchase the property because they failed to timely accept the Geselschaps’ offer. Respondent was not responsible for that failure.
 

 Relying on
 
 Pintor
 
 v.
 
 Ong
 
 (1989) 211 Cal.App.3d 837 [259 Cal.Rptr. 577], appellants contend that the trial court erred in finding that appellants were not entitled to emotional distress damages for purely economic losses. In
 
 Pintor,
 
 the court held Civil Code section 2941 permits the recovery of emotional distress damages for detriment caused by the failure to timely reconvey a deed of trust. (211 Cal.App.3d at p. 841-842.) The court therefore upheld an award of $15,000 for the mental and emotional strain suffered by a homeowner during the over two-and-one-half-year period that the homeowner sought a reconveyance.
 
 (Pintor, supra,
 
 at p. 847.)
 

 Here, by contrast, respondent reconveyed the deed of trust within a few days of appellants’ request. Appellant requested the reconveyance in mid-March and the reconveyance was executed on March 24. Further, unlike the
 
 *857
 
 record in
 
 Pintor,
 
 the evidence before the trial court here failed to establish that appellants suffered emotional distress attributable to respondent’s acts. Their distress, if any, was attributable to their failure to purchase the Greek property, which was not proximately caused by respondent’s error in not reconveying the deed of trust but rather their own delay in accepting the Geselschaps’ condition of payment. Since any distress suffered by appellants was not sustained as a result of respondent’s failure to reconvey as required by Civil Code section 2941, their recovery was limited to the statutory penalty of $300. (Civ. Code, § 2941, subd. (d).)
 

 The judgment is affirmed. Respondent shall recover its costs on appeal.
 

 Poché, J., and Reardon, J., concurred.
 

 [1]
 

 Civil Code section 2941 states in relevant part: “(b) (1) When the obligation secured by any deed of trust has been satisfied, the beneficiary or the assignee of the beneficiary shall execute and deliver to the trustee the original note, deed of trust, request for a full reconveyance, and other documents as may be necessary to reconvey... the deed of trust. [5Q (A) The trustee shall execute the full reconveyance and shall record . . . in the office of the county recorder in which the deed of trust is recorded within 21 calendar days after receipt by the trustee of the original note, deed of trust, request for a full reconveyance ... the deed of trust.”
 

 [2]
 

 In their reply brief, appellants argue that their proposal regarding the payment terms was simply a “grumbling acceptance” which was sufficient to form a contract. While a “grumbling acceptance” which is unqualified, though made with some protest, is sufficient to show an agreement (see 1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 192, p. 203;
 
 Chicago Bridge etc. Co.
 
 v.
 
 Ind. Acc. Com.
 
 (1964) 226 Cal.App.2d 309, 316 [38 Cal.Rptr. 57]), appellants’ letter was a qualified acceptance which failed to give assent to a term the Geselschaps viewed as essential to the contract.