FILED

JAN 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LISITSA LAW CORPORATION,

Plaintiff - Appellant,

v.

UNITED NATIONAL INSURANCE
COMPANY, an unknown business entity,

Defendant - Appellee.

No. 11-55700

D.C. No. 2:09-cv-07282-ODW-
PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Submitted January 7, 2013[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, McKEOWN and M. SMITH, Circuit Judges.

Lisitsa Law Corporation (Lisitsa) appeals the district court's order granting

summary judgment on behalf of United National Insurance Company (United

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

National).  Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal.  We affirm.

Lisitsa contends that United National's January 28 letter was an offer, which Lisitsa accepted by its own letter of January 30.  Accordingly, Lisitsa claims that United National is contractually obligated to pay Lisitsa for its services defending the *Enciso* action.  Lisitsa is mistaken.

In order to form a contract under California law, "the terms proposed in an offer must be met exactly, precisely, and unequivocally."  *Siegel v. Warner Bros. Entm't, Inc.*, 542 F. Supp. 2d 1098, 1137 (C.D. Cal. 2008) (citing *Panagotacos v. Bank of America*, 60 Cal. App. 4th 851, 855-56 (Cal. Ct. App. 1998)).  "A qualified acceptance constitutes a rejection terminating the original offer."  *Id.* (citing *Panagotacos*, 60 Cal. App. 4th at 855–56; *Glende Motor Co. v. Superior Court*, 159 Cal. App. 3d 389, 396 (Cal. Ct. App. 1984)); *see also* Cal. Civ. Code § 1585 ("An acceptance must be absolute and unqualified . . . . A qualified acceptance is a new proposal.").

Here, no contract formed because Lisitsa's purported acceptance was conditional.  For instance, Lisitsa "accepted" the second of United National's eight proposals "*on the condition* that your client and the court enter into a stipulation."

2

(Emphasis added.) The district court correctly determined that "[t]hese conditions and qualifications to [United National's] offer do not evidence unqualified acceptance." United National's payments to Lisitsa while the bad faith action was pending do not alter this conclusion. Because United National's offer was never accepted, no contract was formed on which Lisitsa can recover.

"The measure of recovery in *quantum meruit* is the reasonable value of the services rendered, provided they were of direct benefit to the defendant." *Palmer v. Gregg*, 65 Cal. 2d 657, 660 (Cal. 1967). "The idea that one must be *benefitted* by the goods and services bestowed is thus integral to recovery in quantum meruit." *Day v. Alta Bates Medical Center*, 98 Cal. App. 4th 243, 249 (Cal. Ct. App. 2002) (citing *Maglica v. Maglica*, 66 Cal. App. 4th 442, 449-50 (Cal. Ct. App. 1998)).

The Superior Court found that United National never had a duty to defend or indemnify the *Enciso* defendants because the endorsements adding coverage were fraudulently obtained. Because United National had no duty to defend the *Enciso* defendants, Lisitsa's work on behalf of those defendants conferred no benefit on United National. Thus, Lisitsa is not entitled to recover in *quantum meruit*.

**AFFIRMED**

3