**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



ROBERT A. RIZZO, an individual,

Plaintiff - Appellant,

v.

INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA,

Defendant - Appellee.

No. 13-56770

D.C. No. 2:12-cv-04347-DMG-
FMO

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted November 5, 2015
Pasadena, California

Before: FARRIS and BYBEE, Circuit Judges and TIGAR,** District Judge.

The facts and procedural posture of this case are known to the parties, and

we do not repeat them here.  Appellant Robert Rizzo appeals the district court's

order granting Defendant's Motion for Summary Judgment and denying Plaintiff's

---

\* This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

\*\* The Honorable Jon S. Tigar, District Judge for the U.S. District Court for the
Northern District of California, sitting by designation.

Motion for Partial Summary Judgment, as well as the district court's denial of his Motion for Reconsideration of that order. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and remand in part.

First, we review the district court's order granting Insurance Company of the State of Pennsylvania's ("ICSOP") Motion for Summary Judgment *de novo*. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). The district court did not err in concluding that ICSOP had no duty to defend the civil actions because Exclusions O and P of the underlying insurance policy applied. *Rizzo v. Ins. Co. of State of Pa.*, 969 F. Supp. 2d 1180, 1200–01 (C.D. Cal. 2013). Rizzo argues that "ICSOP waived its right to rely upon exclusions O and P to deny Mr. Rizzo a defense." However, ICSOP explicitly reserved all rights under the policy—including the right to deny coverage based on Exclusions O and P—in both its December 16, 2010 and April 28, 2011 letters. Moreover, the district court did not err in concluding that "because no duty to defend the civil actions exists, ICSOP has no duty to prosecute Rizzo's cross-complaint or defend the criminal action" under the plain language of the policy. *Rizzo*, 969 F. Supp. 2d at 1201.

We likewise reject Rizzo's argument that "exclusions O and P do not apply" because the California Attorney General's First Amended Complaint (the "AG's FAC") seeks to hold Rizzo "vicariously liable for the actions of other insureds."

2

The claims against Rizzo sought to invoke joint-and-several liability, not vicarious liability, so Exclusions O and P applied to those claims. Similarly, we reject Rizzo's argument that Exclusions O and P "cannot possibly apply until there has been a final adjudication on the merits in the Civil Actions." As the district court noted, "to require a final adjudication before applying the exclusions would render superfluous the Policy's, clear admonition, 'We will not *defend or* pay under this Policy for claims or suits against you' that fall within the exclusions, because a defense is by definition only warranted prior to final adjudication." *Rizzo,* 969 F. Supp. 2d at 1198 (emphasis in original).[1]

Next, we reject Rizzo's argument that "the district court further erred in holding that the claims in the AG's FAC that do not fall within Exclusions O and P are 'inseparably intertwined' with the claims falling within these exclusions." The only claim in the AG's FAC, which Rizzo argues was not "inseparably intertwined" with the claims falling under Exclusions O and P, was the negligence claim "relating to Mr. Rizzo's approval of Angela Spaccia's and Police Chief Adams' contracts." However, the AG's FAC alleged that Spaccia instructed

---

[1] Rizzo also argues that Exclusion O does not apply because Rizzo was not alleged to have willfully committed any crime. However, as ICSOP points out, this argument "ignores the plain language of that exclusion which, in addition to precluding coverage for the 'commission of a crime' also excludes coverage for 'other dishonest, fraudulent, or malicious acts.' . . . And here, Rizzo was alleged to have acted fraudulently and also dishonestly."

Adams to conceal his salary. As a result, the district court did not err in holding that "even to the extent that any alleged claims by their technical nature do not involve unlawful self-dealing, those claims are so 'inseparably intertwined' with Rizzo's wrongful act for gain, profit, or advantage to which he was not entitled that they do not take the suit as a whole outside the scope of" exclusions O and P. *Rizzo*, 969 F. Supp. 2d at 1200.

Ultimately, we conclude that the district court did not err in holding that ICSOP had no duty to defend either the civil or criminal actions against Rizzo. We therefore affirm the district court's order granting ICSOP's Motion for Summary Judgment and denying Rizzo's Motion for Partial Summary Judgment to the extent that those motions addressed Rizzo's claims based on a duty to defend.[2]

Second, we review the district court's order denying Rizzo's motion for reconsideration for an abuse of discretion. *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1211 (9th Cir. 2012). In his motion for reconsideration, Rizzo argued, in part, that the district court erred in granting summary judgment to ICSOP because the district court had not addressed Rizzo's claims that were independent of ICSOP's "duty to defend." Rizzo asserted that "[r]egardless of

[2] Because we affirm the district court's order based on its finding of no duty to defend, we need not address the alternate potential bases for affirmance noted in ICSOP's brief, namely ICSOP's assertions that (1) Rizzo does not qualify as an "insured," and (2) the State and City did not seek "damages" under the policy.

whether ICSOP had a *duty* to defend Mr. Rizzo, ICSOP *agreed* to defend Mr.

Rizzo on December 16, 2010 and then withdrew its defense on April 28, 2011.

ICSOP also *agreed* to defend Mr. Rizzo on July 27, 2012 with regard to the AG's

appeal, and then refused to pay one penny for the work done after the briefs were

filed . . . ."

In denying Rizzo's motion for reconsideration on this point, the district court

noted that it had already "held that ICSOP has no duty to defend" and that "[t]his

resolved Rizzo's claim for defense costs."  However, the district court did not

address Rizzo's claim that ICSOP voluntarily agreed to pay for Rizzo's defense

costs pursuant to an alleged contract formed between the parties.  We hold that the

district court abused its discretion in failing to address this argument.[3]  We

therefore remand to the district court to determine whether a contract was formed

between Rizzo and ICSOP, providing that ICSOP would pay for Rizzo's defense

costs pursuant to its December 16, 2010 and July 27, 2012 letters, or whether "no

contract [was] formed because [Rizzo's] purported acceptance was conditional."

*Lisitsa Law Corp. v. United Nat'l Ins. Co.*, 504 Fed. App'x 598, 600 (9th Cir.

---

[3]  We note that the district court suggested that Rizzo's argument in this respect may have been waived because "[n]owhere in Rizzo's papers in opposition to ICSOP's motion for summary judgment did he attempt to carve out claims as being outside of the scope of ICSOP's motion."  We need not address this potential basis for rejecting Rizzo's argument, however, because the district court does not appear to have relied on any potential waiver in denying Rizzo's Motion for Reconsideration.

2013) (memorandum disposition).[4]

**AFFIRMED IN PART AND REMANDED IN PART**

---

[4] Both ICSOP and Rizzo have filed motions to take judicial notice of developments in the underlying state court proceedings. Dkt. Nos. 22, 33. Because "[t]he determination of potential coverage is made at the time the lawsuit is tendered to the insurance company," consideration of subsequent developments in the underlying state court proceedings is unnecessary. *See The Upper Deck Co. v. Fed. Ins. Co.*, 358 F.3d 608, 612 (9th Cir. 2004). Accordingly, we deny both motions. *See Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1159 n.11 (9th Cir. 2014).