NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 19 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NARCISO FUENTES, individually, on behalf of others similarly situated, and on behalf of the general public, | No. 23-15865 |
| | D.C. No. 4:16-cv-02001-JSW |
| Plaintiff-Appellant, | |
| v. | MEMORANDUM* |
| DISH NETWORK, LLC, | |
| Defendant-Appellee. | |

| | |
|---|---|
| NARCISO FUENTES, individually, on behalf of others similarly situated, and on behalf of the general public, | No. 23-15989 |
| | D.C. No. 4:16-cv-02001-JSW |
| Plaintiff-Appellee, | |
| v. | |
| DISH NETWORK, LLC, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted August 22, 2024

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before:  BRESS and VANDYKE, Circuit Judges, and LASNIK,[**] District Judge.

This case arises from a contractual dispute between Dish and Fuentes for satellite television services.  In this cross-appeal, Dish Network, LLC ("Dish") appeals the district court's order granting summary judgment in favor of Narciso Fuentes on Fuentes's claims under the California Home Solicitation Sales Act ("HSSA"), the California Consumers Legal Remedies Act ("CLRA"), and the California Unfair Competition Law ("UCL").  Fuentes appeals the district court's decision denying partial remand to state court of his request for a public injunction under the UCL.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Dish argues that the district court erred in granting summary judgment in favor of Fuentes on the HSSA claim because the contract is not within the scope of the HSSA.  We disagree.  The HSSA applies to a "[h]ome solicitation contract or offer," which is defined as "any contract, whether single or multiple, or any offer which is subject to approval, for the sale, lease, or rental of goods or services or both, made at other than appropriate trade premises in an amount of twenty-five dollars ($25) or more, including any interest or service charges."  Cal. Civ. Code § 1689.5(a).

---

[**]      The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

2

The only portion in dispute is whether the contract was "made at other than appropriate trade premises." "Appropriate trade premises" are "premises where either the owner or seller normally carries on a business, or where goods are normally offered or exposed for sale in the course of a business carried on at those premises." *Id.* § 1689.5(b). Thus, any contract made anywhere other than Dish's places of business is a contract made outside of appropriate trade premises. *Louis Luskin & Sons, Inc. v. Samovita*, 166 Cal. App. 3d 533, 536 (1985). California courts follow the *Travelers* rule, under which an oral contract consummated over the telephone is deemed made where the offeree utters the words of acceptance. *Travelers Ins. Co. v. Workmen's Comp. Appeals Bd.*, 68 Cal.2d 7, 14 (1967); *People v. Toomey*, 157 Cal. App. 3d 1, 13 (1984).

Regardless of whether Fuentes accepted Dish's terms over the telephone or in writing, the contract was made at his home and therefore not at an appropriate trade premise. The transcript of Fuentes's call with Dish demonstrates that Fuentes was the offeree: the agent presented all the material terms of the offer and Fuentes accepted. *See Donovan v. RRL Corp.*, 26 Cal. 4th 261, 271 (2001) (defining offer); *Panagotacos v. Bank of Am.*, 60 Cal. App. 4th 851, 855 (1998) (defining acceptance).[1] To the extent Dish argues that the HSSA excludes all contracts

---

[1] Dish argues that Fuentes was the offeror because he initiated the call. Even assuming that Fuentes was initially the offeror, the Dish agent rejected his offer

3

formed on a buyer-initiated call, we disagree. In *Weatherall Aluminum Products Co. v. Scott*, the court applied the HSSA to a contract formed after a buyer-initiated call, holding that "the definition of the phrase 'home solicitation' in the statute focuses not on who initiated the contact between buyer and seller, but on where the contract was made." 71 Cal. App. 3d 245, 247–48 (1977).

Nonetheless, Dish urges us to consider the Legislative Counsel's analysis as evidence that the legislature intended to categorically exclude contracts made on a buyer-initiated call. Even if we were to do so, the Legislative Counsel's analysis followed the *Travelers* rule and found that a contract was made where the offeree assented. The Legislative Counsel contemplates the application of the HSSA in two relevant hypotheticals where a buyer telephones a seller requesting services. In both hypotheticals, its analysis relied on identifying the offeree and the place where that offeree gave his assent. Here, Fuentes gave his assent at his home, outside of an appropriate trade premise. The district court properly granted summary judgment in Fuentes's favor.[2]

---

and presented a counteroffer, thereby reversing the parties' roles—making Dish the offeror and Fuentes the offeree. *Landberg v. Landberg*, 24 Cal. App. 3d 742, 750 (1972); *see also Panagotacos*, 60 Cal. App. 4th at 855–56 (holding that an offer not accepted exactly as is "is a qualified acceptance" which "amounts to a new proposal or counteroffer putting an end to the original offer").

[2] Dish does not dispute that it failed to comply with the HSSA.

2.    As to the CLRA and UCL claims, the parties agree that those claims are dependent on the success of the HSSA claim. *See Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 1002 (N.D. Cal. 2014) ("the UCL 'borrows' violations of other laws and treats them as independently actionable"); Cal. Civ. Code § 1770(a)(14) (the CLRA prohibits unfair or deceptive practices "that are prohibited by law"). Accordingly, we affirm summary judgment in favor of Fuentes.

3.    Fuentes argues that the district court erred in denying § 1447(c) remand of his request for public injunctive relief under the UCL. Fuentes concedes that he lacks standing to seek injunctive relief in federal court but asserts that he is entitled to seek an injunction in state court. We disagree that Fuentes was entitled to partial remand. The remand statute provides, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Even if we assume that § 1447(c) permits remand of an individual claim instead of the full case, *cf. Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 392 (1998), Fuentes asks us not to remand individual claims, but a portion of a claim. California courts are clear that a public injunction is a "substantive statutory remedy" available through the UCL. *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 965 (2017); *see also Vaughn v. Tesla, Inc.*, 87 Cal. App. 5th 208, 236 (2023). Absent authority supporting his

5

position that remanding a remedy is proper procedure under § 1447(c), Fuentes's request for remand fails.

**AFFIRMED.**