Filed 11/7/23  Talwar v. Adventist Health Tehachapi Valley CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RAMAN TALWAR, M.D.,<br><br>     Plaintiff and Appellant,<br><br>          v.<br><br>ADVENTIST HEALTH TEHACHAPI VALLEY, et al.,<br><br>     Defendants and Respondents. | F084302<br><br>(Kern Super. Ct.<br>No. BCV-20-101233)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Stephen D. Schuett, Judge.

Raman Talwar, M.D., in pro. per.; Sekhon & O'Bryant and Simran Sekhon for Plaintiff and Appellant.

Polsinelli and Jonathon Cohn for Defendants and Respondents.

-ooOoo-

Plaintiff and appellant Raman Talwar, M.D., sued Adventist Health Tehachapi Valley, among others, claiming his medical staff membership was improperly terminated after he complained about a colleague to the California Medical Board.  Defendants opposed his claims, asserting that his membership was actually terminated for failing to comply with a bylaw requiring board certification (or, in certain circumstances, progress towards board a certification).  Respondent sought and obtained summary judgment, and

plaintiff appeals. We conclude the court erred in its handling of respondent's summary judgment motion and reverse the judgment.

## FACTS

*Pleadings*

On May 21, 2020, Raman Talwar, M.D., filed a verified complaint in superior court naming as defendants Adventist Health Tehachapi Valley (AHTV), Adventist Health Tehachapi Valley Medical Staff (AHTVMS), and Does 1 through 10.[1] Talwar sought to prevent defendants from terminating his medical staff membership.

The register of actions indicates a demurrer was filed on October 23, 2020. Talwar filed a first amended complaint on November 16, 2020. The amended complaint added allegations that defendants applied a new bylaw requiring board certification "only to [Talwar] and not to other physicians on the medical staff."

The register of actions indicates another demurrer was filed on December 10, 2020. Talwar filed a second amended complaint, in pro. per., on February 11, 2021. AHTV and AHTVMS filed a demurrer to the second amended complaint on February 25, 2021. AHTV demurred on the grounds that (1) the complaint failed to allege facts sufficient to constitute a cause of action against AHTV and (2) the complaint was uncertain in that it cannot be ascertained the basis for alleged liability of AHTV. AHTV and AHTVMS together demurred on the grounds that (1) the complaint failed to state a cause of action in that it could not be demonstrated AHTVMS had a clear and present ministerial duty that it failed to perform[2] and (2) the first cause of action failed to state a cause of action because it does not allege the adoption of the pertinent bylaw was irrational, unlawful, arbitrary, capricious, contrary to public policy or not applied uniformly.

---

[1] The pleading was labeled a "Complaint for: 1. Verified Petition for Writ of Mandamus (C.C.P. Section 1085) 2. Injunction." (Capitalization omitted.)

[2] AHTVMS asserts on appeal that enforcing the bylaws is a mandatory or ministerial duty.

2.

On April 1, 2021, AHTV and AHTVMS filed a notice of ruling stating that the court had "sustained the demurrer as to the Hospital Defendant [(i.e., AHTV)] without leave to amend, thereby dismissing the Hospital Defendant with prejudice." The court also sustained the demurrer as to AHTVMS but granted leave to amend as to that defendant.

Talwar, through counsel, filed a third amended complaint on May 24, 2021. The complaint again named AHTV and AHTVMS (along with Does 1–10) as defendants.

Talwar dismissed the complaint as to AHTV with prejudice on June 8, 2021.

AHTV and AHTVMS filed a demurrer and motion to strike on June 26 and 28, 2021, respectively.[3] The motion to strike sought "at a minimum, that th[e] Court … direct Plaintiff to re-file a superseding pleading without any allegations against AHTV, without any mention of AHTV as a party, and without any request for relief against AHTV." The motion also sought an order striking allegations made against defense counsel and another physician.

The register of actions reflects that the court granted the motion to strike, in part. Talwar filed a fourth amended complaint on August 25, 2021. Defendant filed an answer to the fourth amended complaint, identifying itself as "the Consolidated Medical Staff of Adventist Health Bakersfield and Adventist Health Tehachapi Valley (successor in interest to Adventist Health Tehachapi Valley Medical Staff)."[4]

### *Allegations of the Operative Complaint*

In the fourth amended complaint (hereafter the "complaint"), Talwar alleged his privileges and staff membership at AHTV were improperly terminated. When Talwar joined AHTV, its bylaws did not require any physician to be board certified. In

---

[3] In Talwar's opposition to the demurrer, he asserted that Dr. Engel had complained to Dr. Reynoso about having to take care of one of Talwar's patients. The opposition further asserted that the chief of staff, Dr. Strategos, told Talwar he was being treated unfairly and that Dr. Reynoso was "after" him. The import of these claims will become clearer in the context provided later in this opinion.

[4] We will continue to refer to this party as AHTVMS.

3.

January 2020, AHTVMS "amended the bylaws to arbitrarily, and without reasonably justification, required that any physician who joined the medical staff *after January 1, 2012*, must be board certified or 'demonstrated they are actively pursuing the process towards certification.' "

The complaint alleged Talwar was in the process of becoming board certified in vascular surgery and had taken several steps toward that end. The next step was to take the VSITE examination and obtain a score of 75 or higher. Talwar took the test twice and failed both times.

Talwar was notified on March 31, 2021, that his privileges and medical staff membership expired "for failure to be board certified." The complaint alleged that this termination occurred even though Talwar was continuing to pursue the process of board certification.

The complaint alleged that Talwar's lack of board certification was not the real reason for the termination of his privileges and medical staff membership. Instead, he alleged his termination was retaliation for being a "whistleblower" who reported a member of the AHTV medical staff, to the Medical Board of California (Medical Board). The staff member allegedly "almost" caused the death of Dr. Talwar's patient due to "lack of timely treatment."

A letter from Talwar to the Medical Board was included as an exhibit to a prior complaint but was not attached as an exhibit to the fourth amended complaint. In the letter, Talwar claimed a patient was put at risk because a Dr. Engel was simultaneously on call at two different locations 40 miles apart. The letter also reflects that the call schedule for emergency department surgeons at AHTV was set by a Dr. Reynoso.

***Motion for Summary Judgment***

AHTVMS filed a motion for summary judgment on January 21, 2022. The notice of the motion provided a hearing date of April 8, 2022.

4.

The grounds for the motion were that Talwar could not establish a clear, present, ministerial duty as required for mandamus relief; the amendment to the bylaws was not arbitrary or capricious because it predated Talwar joining the medical staff; defendant's application of the bylaw to Talwar was not unlawful, irrational, arbitrary, capricious, contrary to public policy, or procedurally unfair; AHTMVS "would be justified" in taking action against Talwar because he lied on his application; Talwar misread the relevant bylaws; and AHTVMS cannot provide the relief Talwar was requesting.

The motion for summary judgment relied considerably upon the declaration of Christina Maese, director of medical staff services of AHTVMS and AHTV.

In one of its several grounds for summary judgment, AHTVMS argued that it did not have the power to reinstate Talwar's membership because that "power lies only with the hospital board – a separate entity."

***Procedural History After Filing of Motion for Summary Judgment***

On January 28, 2022, Talwar served defense counsel with a notice of deposition of Christina Maese, Dr. Ronald Reynoso, Dr. Emmanuel Strategos, and the person most qualified ("PMQ"; see Code Civ Proc., § 2025.230)[5] to testify regarding the bylaw regarding board certification. According to a declaration filed by plaintiff's counsel, defense counsel refused to produce the witnesses for deposition, even though plaintiff's counsel advised the deposition were necessary to prepare Talwar's opposition to the motion for summary judgment. A meet and confer correspondence reflects defense counsel's position that the depositions were barred or limited by Evidence Code section 1157. This position would later form the basis of a motion to quash/motion for a protective order, described below.

On February 4, 2022, plaintiff filed two amendments to the complaint substituting The Governing Board of Adventist Health Tehachapi Valley as Doe 1 and The

_____

[5] All further undesignated statutory references are to the Code of Civil Procedure unless otherwise stated.

5.

Governing Board of Adventist Health Bakersfield as Doe 2 (collectively the governing board defendants).

On March 4, 2022, AHTVMS filed a motion to quash Talwar's notice of the PMQ deposition and sought a protective order limiting the topics of deposition with respect to Christina Maese. AHTVMS argued that Maese's deposition – among others – was "necessarily barred from discovery by operation of Evidence Code [section] 1157 and to the extent [it was] not barred, [is] irrelevant and abusive to these non-parties."

On March 11, 2022, the Governing Board of Adventist Health Tehachapi Valley and the Governing Board of Adventist Health Bakersfield moved to strike the purported amendments to the operative complaint substituting them in as Doe defendants. They contended that plaintiff had failed to obtain required leave of court to amend the complaint, failed to serve summons on them, they lacked capacity to be sued, the amendments were prejudicial in light of the upcoming trial date, and that the Doe defendants were the same party in interest as AHTV which had been dismissed with prejudice. On the same day, the governing board defendants filed demurrers.

On March 24, 2022, Talwar filed a request to continue the hearing on the motion for summary judgment "because he believes essential evidence may exist which can be used to oppose and defeat Defendants' [motion for summary judgment]." The court issued an order on March 25, 2022. The order purported to "grant" Talwar's request for a continuance but listed the "new" hearing date as April 8, 2022 – which was the original hearing date. The order later stated, "Petitioner/plaintiff's request for continuance of the motion for summary judgment is also continued to April 8, 2022, pending the Court's ruling on [r]espondent/defendant's motion to quash." Consequently, the court did not truly grant the request for a continuance but instead deferred its ruling to April 8, 2022.

Talwar filed his opposition papers to AHTVMS's summary judgment motion on April 4, 2022, even though they were due on March 31, 2022.

On April 12, 2022, defendants filed a notice of ruling indicating that the court affirmed its tentative ruling and granted the motion for summary judgment. The court deemed moot (1) the governing board defendants' motion to strike and demurrer; (2) AHTVMS's motion to quash depositions; and (3) Talwar's motion to continue the summary judgment hearing to obtain discovery.

A defense judgment was filed April 18, 2022. The judgment listed AHTVMS and the governing board defendants. Talwar appeals.

## DISCUSSION

### I. The Court Erred in Entering Judgment in Favor of the Governing Board Defendants

*Law*

"A party may move for summary judgment in an action or proceeding if it is contended that the action has no merit…." (§ 437c, subd. (a)(1).) "The motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (*Id.*, subd. (c).)

We review a trial court's granting of summary judgment "de novo." (*California Medical Association v. Aetna Health of California Inc.* (2023) 14 Cal.5th 1075, 1086–1087.) We view the evidence in the light most favorable to appellant and draw all reasonable inferences in appellant's favor. (*Ibid.*)

*Analysis*

Respondent AHTMVS filed the motion for summary judgment on behalf of itself and no other parties. However, the resultant judgment included not only AHTVMS, but also the governing board defendants. The inclusion of the governing board defendants in the defense judgment was improper. Summary judgment may only be entered as to a "*moving party* … entitled to a judgment as a matter of law." (§ 437c, subd. (c), italics

7.

added.)  Neither governing board defendant moved for summary judgment.  Therefore, they could not be granted the relief of summary judgment.

Respondent argues that the governing board defendants were not properly added to the operative complaint, lack capacity to be sued, and were not properly served. Talwar disagrees, contending, for example, that the governing board defendants' demurrer constituted a general appearance which is equivalent to personal service of a summons.  (See § 410.50, subd. (a).)

Some or all of respondent's arguments may be proper grounds for summary judgment as to the governing board defendants.[6]  But they cannot support a summary judgment in favor of the governing board defendants unless and until those defendants actually move for summary judgment on those grounds and show that, as a "moving party" they are "entitled to a judgment as a matter of law."  (§ 437c, subd. (c).)

Respondent says that because the court lacked jurisdiction over the governing board defendants, "summary judgment as [to] the only party in this action … [AHTVMS] – was proper."  However, the summary judgment here was not entered as to AHTVMS only, it was also entered as to the governing board defendants.  This latter aspect of the judgment was procedurally improper and must be reversed.  To determine whether the remainder of the judgment can stand, we turn to appellant's remaining contentions.

## II.     The Court Erred in Failing to Give its Reasons for Granting Summary Judgment

*Law*

"Upon the grant of a motion for summary judgment on the ground that there is no triable issue of material fact, the court shall, by written or oral order, specify the reasons for its determination.  The order shall specifically refer to the evidence proffered in

---

[6] The governing board defendants did raise these issues in their motion to strike and demurrer.  While those were denied as moot, our reversal of the judgment as to the governing board defendants means the motion and demurrer will need to be ruled upon substantively on remand.  We express no opinion on those issues.

support of and, if applicable, in opposition to the motion that indicates no triable issue

exists. The court shall also state its reasons for any other determination. The court shall

record its determination by court reporter or written order." (§ 437c, subd. (g).)

*Analysis*

Here, the court did not specify the reasons for granting summary judgment. This

was error under the plain language of section 437c, subdivision (g).

Without development, AHVTMS argues section 437c, subdivision (g) does not

apply because its motion for summary judgment was made pursuant to section 437c,

subdivision (a)(1) on the grounds the action has no merit. However, AHTVMS does not

explain why this would render subdivision (g) inapplicable. To the extent AHTVMS is

suggesting there is a material difference between moving for summary judgment on the

grounds the action has no merit versus the grounds that no triable issue exists, we

disagree.

AHTVMS goes on to argue any error in this regard is harmless because we should

independently conclude summary judgment was properly granted. We will therefore turn

to the issue of whether summary judgment was properly granted. As explained below,

we conclude the court erred in granting summary judgment without granting Talwar's

request for a continuance.

**III. The Trial Court Prejudicially Erred in Deeming Talwar's Request for a Continuance Moot**

Talwar contends the court erred in failing to grant his request to continue the

hearing on the motion for summary judgment.

*Law*

The summary judgment statute provides as follows:

"If it appears from the affidavits submitted in opposition to a motion for
summary judgment … that facts essential to justify opposition may exist
but cannot, for reasons stated, be presented, the court shall deny the motion,
order a continuance to permit affidavits to be obtained or discovery to be
had, or make any other order as may be just. The application to continue

9.

the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due." (§ 437c, subd. (h).)

An affidavit in support of a continuance must show that the facts to be obtained are essential to opposing the motion; that there is reason to believe such facts may exist and must explain why additional time is needed to obtain those facts. (*Braganza v. Albertson's LLC* (2021) 67 Cal.App.5th 144, 152 (*Braganza*).)

"Continuance requests under section 437c, subdivision (h), are to be liberally granted." (*Braganza*, *supra*, 67 Cal.App.5th at p. 152.) Some courts have gone so far as to say that when an affidavit demonstrates that a continuance is necessary to obtain essential facts, the trial court *must* grant the continuance request. (*Johnson v. Alameda County Medical Center* (2012) 205 Cal.App.4th 521, 532; *Park v. First American Title Co.* (2011) 201 Cal.App.4th 1418, 1427.) At a minimum, the standard is that a continuance is "virtually mandated" upon a good faith showing by affidavit that a continuance is needed to obtain essential facts to oppose the motion for summary judgment. (*Braganza*, at p. 152; *Bahl v. Bank of America* (2001) 89 Cal.App.4th 389, 395.)

We review the trial court's ruling for abuse of discretion. (*Braganza*, *supra*, 67 Cal.App.5th at p. 152.)

### *Error*

The trial court issued no substantive ruling on Talwar's request for a continuance, but rather observed the request was moot in light of the granting of AHTVMS's motion for summary judgment. Granting a motion does not render moot an *opposing* party's request for a continuance. Because there was no basis for finding the request for a continuance mooted by the granting of the motion for summary judgment, the trial court erred.

This only leads us to the conclusion the trial court should have considered the merits of Talwar's request for continuance. To determine whether the erroneous

10.

mootness determination was prejudicial, we must decide whether the trial court would have granted or denied the motion had it reached the merits.

### *Prejudice*

The affidavit offered in support of Talwar's request for a continuance identified the discovery he sought in order to oppose the motion for summary judgment: the PMQ deposition concerning the bylaws, and the depositions of Christina Maese, Dr. Ronald Reynoso and Dr. Emmanuel Strategos. The affidavit said that the depositions were essential to produce evidence of a triable issue of fact surrounding Talwar's claim that the application of the bylaw to his circumstances was irrational, arbitrary, capricious and procedurally unfair. The affidavit further stated that the depositions of Dr. Reynoso and Dr. Strategos were likely to produce evidence creating triable issues of fact concerning Talwar's claim that his privileges were nonrenewed in retaliation for reporting a medical staff member to the California Medical Board. The affidavit also averred that Maese's deposition may produce evidence of a triable issue of fact since AHTVMS relied on her declaration to support its motion for summary judgment.

We conclude that a section 437c, subdivision (h) continuance was clearly required here. To obtain summary judgment, a defendant must negate plaintiff's theories of liability as alleged in the complaint. (*Hutton v. Fidelity National Title Co.* (2013) 213 Cal.App.4th 486, 493.) Talwar's complaint alleged he was improperly terminated because he made a complaint about a colleague to the Medical Board, and that the bylaw was a pretext. In order to negate this theory, defendant's motion for summary judgment asserted that the application of the certification bylaw to Talwar was not unlawful, irrational, arbitrary, capricious, contrary to public policy. In order for defendant to have this factual dispute resolved in its favor without a trial at the summary judgment stage, it needed to show there was no triable issue of fact. Conversely, to defeat the motion, Talwar need only show a triable issue of fact exists by pointing to evidence supporting his position.

11.

Talwar sought a continuance to obtain the depositions of, among others, Dr. Strategos and Dr. Reynoso. Dr. Strategos held the position of chief of staff and had allegedly told Talwar he was being treated unfairly and that Dr. Reynoso was "after" him. Also, Dr. Reynoso set the schedule for on-call surgeons in the emergency department at the time of the incident for which Talwar claims he was a whistleblower. Consequently, there was reason to believe the depositions of Dr. Reynoso and Dr. Strategos would potentially yield evidence essential to Talwar's opposition of the motion for summary judgment. That is, evidence raising a triable issue of fact as to whether the termination of Talwar's staff membership was a proper application of the bylaw or an improper retaliation for the Medical Board complaint.

### *Talwar's Contention Has Not Been Forfeited*

When litigants fail to raise an issue in the trial court, they generally cannot raise it for the first time on appeal. (E.g., *Zamudio v. City and County of San Francisco* (1999) 70 Cal.App.4th 445, 454.)

AHTVMS observes that Talwar's opposition to the motion for summary judgment focused on the need to take the deposition of AHTVMS's designated expert. In contrast, Talwar's opening brief on appeal focuses on the need for discovery concerning the bylaws. AHTMVS contends Talwar is making this latter argument for the first time on appeal, and, therefore, the issue should be deemed waived.

AHTVMS goes astray by exclusively focusing on Talwar's opposition to the motion for summary judgment. While grounds for a continuance may be shown by the affidavits submitted in opposition to a motion for summary judgment, "[t]he application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due." (§ 437c, subd. (h).) Here, Talwar raised the issue of needing to conduct discovery concerning the application of bylaws in his ex parte request for a continuance. The fact that he did not also urge those grounds in his opposition to the motion for summary

12.

judgment is immaterial as either vehicle was appropriate. Talwar did not forfeit this contention for appeal.

AHTVMS next cites *Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, for the proposition that granting a continuance is not mandatory when the requester's affidavit fails to make the showing contemplated by § 437c, subdivision (h). (*Cooksey v. Alexakis*, at p. 254.)

On that point, AHTVMS argues that Talwar did not identify the essential facts that would be sought by discovery or why he believed such facts would exist. Consequently, his request was based on speculation. However, we conclude Talwar's showing was sufficient as he identified essential facts that would be sought. For example, Talwar's request for a continuance asserted that the depositions of Dr. Reynoso and Dr. Strategos would likely produce evidence demonstrating a triable issue of fact regarding his contentions that "(1) his privileges were not renewed in retaliation to his reporting a medical staff member to the Medical Board … and (2) application of … [AHTVMS] bylaws to him was irrational, arbitrary, capricious and procedurally unfair." To the extent that AHTVMS is arguing that Talwar was required to provide more specificity as to exactly what testimony Dr. Reynoso or Dr. Strategos would offer to support these contentions in yet-to-occur depositions, we disagree. Detailed precision is often elusive in a request for a section 437c, subdivision (h) continuance because, by definition, the discovery in question has not occurred yet. It was sufficient here to assert that a future deponent was likely to provide testimony supportive of a specific theory of liability identified by the plaintiff.

AHTVMS next observes that Talwar did not propound discovery for the first 20 months of the case, and only did so after the motion for summary judgment was filed. However, even assuming there is an implicit requirement for section 437c, subdivision (h) continuances that discovery be propounded within a reasonable timeframe, that timeframe would begin with the filing of the summary judgment motion,

not the complaint.  The whole point of subdivision (h) continuances is to conduct discovery of facts essential to justify *opposition to a motion for summary judgment*.  It is the filing of the motion that puts the opposing party on notice of what type of discovery may be necessary to defeat it.  Under this approach, it is clear Talwar did not excessively delay in seeking the discovery, having noticed the depositions in question on January 28, 2022, some seven days after the motion for summary judgment was filed.

### *Conclusion*

Because we conclude the trial court would have had to grant the continuance had it not erroneously concluded the request was moot, said error was prejudicial.[7]  We will reverse the judgment and direct the trial court to grant Talwar's continuance to obtain discovery.

## DISPOSITION

The judgment is reversed.  The trial court is directed to grant Talwar's request for a continuance under section 437c, subdivision (h), and conduct further proceedings consistent with this opinion.  Talwar shall recover costs on appeal.

POOCHIGIAN, Acting P. J.

WE CONCUR:

DETJEN, J.

SNAUFFER, J.

---

[7] Accordingly, we do not reach the merits of the summary judgment motion.

14.